**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | CA 07 485 ML |
| **JACK MILLARD, M.D.;** | : | |
| **ROGER NELSON, M.D.;** | : | |
| **DAY KIMBALL HOSPITAL** | : | |
| **JOHN and JANE DOE, M.D. , ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |

**COMPLAINT**

**PARTIES**

1. Plaintiff, Robert Macamaux, is a citizen and resident of Woonsocket, Rhode Island.

2. Defendant, Jack Millard, M.D. ("Millard") upon information and belief is citizen and resident of Connecticut. At all times mentioned herein, said defendant was engaged in the practice of medicine in Connecticut and held himself out to be a specialist in the field of Radiology. At all times mentioned herein, Defendant Millard was and is an employee, agent and/or servant of Day Kimball Hospital.

3. Defendant, Roger Nelson, M.D. ("Nelson") upon information and belief is citizen and resident of Connecticut. At all times mentioned herein, said defendant was engaged in the practice of medicine in Connecticut and held himself out to be a specialist in the field of Emergency Medicine. At all times mentioned herein, Defendant Nelson was and is an employee, agent and/or servant of Day Kimball Hospital.

4. Defendant, Day Kimball Hospital ("Day Kimball ") is a "covered hospital" as defined by 42 U.S.C. §1395dd(e)(2) and so is subject to the provisions of EMTALA, 42 U.S.C. §1395dd, et seq.

5. Defendants, John and Jane Doe, M.D. Alias are, upon information and belief, citizens and residents of the State of Connecticut. The true names of said Defendants are unknown to Plaintiff, who consequently sues such Defendants by said fictitious names. Plaintiff will seek leave to amend his Complaint to state Defendants' true names when such have been ascertained. At all times mentioned herein, said Defendants were agents, apparent agents, and/or employees of Day Kimball Hospital.

6. Defendant John Doe Corporation, Alias, upon information and belief is a non- business Corporation existing under the laws of Connecticut with a principal place of business herein. The true name of the Defendant Corporation is unknown to Plaintiff who

will seek leave to amend his Complaint to state the true name of Defendant John Doe Corporation when such has been ascertained.

## FACTS

7. At all material times, Plaintiff exercised due care for his safety and that of others.

8. On or about January 16, 2006, Plaintiff Robert Macamaux presented to Defendant Day Kimball Hospital with an emergency medical condition following a motor vehicle accident.

9. An x-ray of Mr. Macamaux's spine was taken and interpreted by Jack Millard, M.D.

10. Mr. Macamaux was discharged from Day Kimball Hospital Emergency Department with an emergency medical condition.

11. As a result of the negligent medical care rendered by defendants, Mr. Macamaux suffers permanent injury due to neck pain and pain and weakness in his shoulders, arms and hands.

## JURISDICTION

12. Jurisdiction before this Federal Court is based on 28 U.S.C. § 1331.

13. Jurisdiction before this Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C. § 1332.

## COUNT I
## NEGLIGENCE
## DEFENDANT JACK MILLARD, M.D.

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

2. On or about January 16, 2006 and thereafter, Defendant Millard undertook for a valuable consideration to diagnose, treat, and care for Mr. Macamaux.

3. It then and there became and was the duty of Defendant Millard to exercise that degree of diligence and skill required of the average physician engaged in the practice of radiology.

4. Nevertheless, Defendant Millard disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Macamaux and was otherwise negligent in his diagnosis, treatment, and care of him.

5. As a direct and proximate result of Defendant Millard's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Jack Millard, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT II
### LACK OF INFORMED CONSENT
### DEFENDANT JACK MILLARD, M.D.

1. Plaintiff hereby incorporates Paragraphs 1 and 2 of Count I as if set forth fully at length herein.

2. It then and there became the duty of Defendant Millard, no emergency existing, to inform Mr. Macamaux of the risks of harm attendant to the treatment and care Defendant Millard proposed to administer to and perform upon him so that he could give his informed consent to such treatment. It also then and there became the duty of Defendant Millard to obtain Mr. Macamaux's informed consent before proceeding with said treatment and care.

3. Nevertheless, Defendant Millard disregarded his duty as aforesaid and failed to inform Mr. Macamaux of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If the Defendant Millard had informed Mr. Macamaux of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Macamaux would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of Defendant Millard's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Jack Millard, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT III
### NEGLIGENCE
### DEFENDANT ROGER NELSON, M.D.

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

2. On or about January 16, 2006 and thereafter, Defendant Nelson undertook for a valuable consideration to diagnose, treat, and care for Mr. Macamaux.

3. It then and there became and was the duty of Defendant Nelson to exercise that degree of diligence and skill required of the average physician engaged in the practice of Emergency Medicine.

4. Nevertheless, Defendant Nelson disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Macamaux and was otherwise negligent in his diagnosis, treatment, and care of him.

5. As a direct and proximate result of Defendant Nelson's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Roger Nelson, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IV
### LACK OF INFORMED CONSENT
### DEFENDANT ROGER NELSON, M.D.

1. Plaintiff hereby incorporates Paragraphs 1 and 2 of Count III as if set forth fully at length herein.

2. It then and there became the duty of Defendant Nelson, no emergency existing, to inform Mr. Macamaux of the risks of harm attendant to the treatment and care Defendant Nelson proposed to administer to and perform upon him so that he could give his informed consent to such treatment. It also then and there became the duty of Defendant Nelson to obtain Mr. Macamaux's informed consent before proceeding with said treatment and care.

3. Nevertheless, Defendant Nelson disregarded his duty as aforesaid and failed to inform Mr. Macamaux of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If the Defendant Nelson had informed Mr. Macamaux of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Macamaux would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of Defendant Nelson's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Roger Nelson, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT V**
**-EMTALA- FAILURE TO PROVIDE MEDICAL SCREENING**
**DEFENDANT DAY KIMBALL HOSPITAL**

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. Defendant Day Kimball, by and through its agents, servants and/or employees, undertook the treatment and care of Mr. Macamaux, and offered its services as an emergency medical department.

3. It then and there became the duty of the Defendant Day Kimball, its agents, servants and/or employees, to provide Mr. Macamaux with an appropriate medical screening

examination which was within the capability of Defendant Day Kimball's Emergency Department, as required by 42 U.S.C. §1395dd, et seq.

4. Nevertheless, Defendant Day Kimball disregarded its duty as aforesaid and failed to provide Mr. Macamaux with an appropriate medical screening examination within the capability of Defendant Day Kimball's Emergency Department, in violation of 42 U.S.C. §1395dd, et seq.

5. As a direct and proximate result of the Defendant Day Kimball's violation of Federal Law as aforesaid, Mr. Macamaux suffered severe personal injuries on January 16, 2006.

6. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Day Kimball Hospital, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT VI**
**-EMTALA- TRANSFER WITHOUT STABILIZATION**
**DEFENDANT DAY KIMBALL HOSPITAL**

1. Plaintiff hereby incorporates Paragraphs 1 and 2 of Count V as if set forth fully at length herein.

2. It then and there became the duty of the Defendant Day Kimball, its agents, servants and/or employees, to not discharge or release Mr. Macamaux until his condition had been stabilized, as required by 42 U.S.C. §1395dd et seq.

3. Nevertheless, Defendant Day Kimball disregarded its duty as aforesaid and discharged Mr. Macamaux out of Defendant Day Kimball Hospital's Emergency Department, in violation of 42 U.S.C. §1395dd et seq.

4. As a direct and proximate result of the Defendant Day Kimball's violation of Federal Law as aforesaid, Mr. Macamaux suffered severe personal injuries on January 16, 2006.

5. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous

system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Day Kimball Hospital, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VII
### NEGLIGENCE
### DEFENDANT DAY KIMBALL HOSPITAL

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. On or about January 16, 2006 and thereafter Defendant Day Kimball undertook for a valuable consideration to diagnose treat and care for Mr. Macamaux.

3. It then and there became and was the duty of said Defendant Day Kimball through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Macamaux.

4. Nevertheless, Defendant Day Kimball disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of Defendant Day Kimball failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Macamaux and were otherwise negligent in its diagnosis, treatment, and care of him.

5. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant Day Kimball Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VIII
### LACK OF INFORMED CONSENT
### DEFENDANT DAY KIMBALL HOSPITAL

1. Paragraphs 1 and 2 of Count VII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of Defendant Day Kimball, no emergency existing, to inform Mr. Macamaux of the risks of harm attendant to the treatment and care Defendant Day Kimball proposed to administer to and perform upon him so that Mr. Macamaux could give his informed consent to such treatment. It also then and there became the duty of Defendant Day Kimball to obtain Mr. Macamaux's informed consent before proceeding with said treatment and care.

3. Nevertheless, Defendant Day Kimball disregarded its duty as aforesaid and failed to inform Mr. Macamaux of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If the Defendant Day Kimball had informed Mr. Macamaux of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Macamaux would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Day Kimball Hospital, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IX
### CORPORATE LIABILITY
### DEFENDANT DAY KIMBALL HOSPITAL

1. Paragraphs 1 and 2 of Count VII are hereby incorporated as if set forth fully and at length herein.

2. It then and there became and was the duty of Defendant Day Kimball to provide quality medical care to Mr. Macamaux, to exercise the care in granting credentials and privileges to those providing care and treatment within the hospital, to protect his safety, to protect him from incompetent and/or negligent treatment, to supervise, and to otherwise exercise reasonable care for his protection and well-being.

3. Nevertheless, Defendant Day Kimball negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a hospital to Mr. Macamaux.

4. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant Day Kimball Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT X
## VICARIOUS LIABILITY
## DEFENDANT DAY KIMBALL HOSPITAL

1. Paragraphs 1 through 13 of the Complaint and Counts I through IV are hereby incorporated by reference as if fully set forth at length herein.

2. Defendants, Jack Millard, M.D. and Roger Nelson, M.D. were employees, agents and/or servants of Defendant Day Kimball and were acting within the scope of their employment at all times relevant hereto.

3. Defendant Day Kimball was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Defendants Millard and Nelson, as set forth above.

4. As a direct and proximate result of Defendant Day Kimball's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, Day Kimball Hospital, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XI
### NEGLIGENCE
### JOHN AND JANE DOE ,M.D., ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

2. On or about January 16, 2006 and thereafter, Defendants undertook for a valuable consideration to diagnose, treat, and care for Mr. Macamaux.

3. It then and there became and was the duty of the Defendants to exercise that degree of diligence and skill required of the average physician in the practice of emergency medicine.

4. Nevertheless, Defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Macamaux and was otherwise negligent in their diagnosis, treatment, and care of him.

5. As a direct and proximate result of Defendants' negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendants, John and Jane Doe, M.D., Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XII
### LACK OF INFORMED CONSENT
### JOHN AND JANE DOE, M.D. ALIAS

1. Paragraphs 1 and 2 of Count XI are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of Defendants, no emergency existing, to inform Mr. Macamaux of the risks of harm attendant to the treatment and care Defendants proposed to administer to and perform upon him so that Mr. Macamaux could give his informed consent to such treatment. It also then and there became the duty of Defendants to obtain Mr. Macamaux's informed consent before proceeding with said treatment and care.

3. Nevertheless, Defendants disregarded their duty as aforesaid and failed to inform Mr. Macamaux of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If Defendants had informed Mr. Macamaux of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered and continues to suffer as a direct result of Defendants' performance of the treatment and care in question, Mr. Macamaux would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of Defendants' negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendants, John and Jane Doe, M.D., Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIII
### NEGLIGENCE
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. On or about January 16, 2006 and thereafter Defendant Corporation undertook for a valuable consideration to diagnose treat and care for Mr. Macamaux.

3. It then and there became and was the duty of said Defendant Corporation through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Macamaux.

4. Nevertheless, Defendant Corporation disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of Defendant Corporation failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Macamaux and were otherwise negligent in its diagnosis, treatment, and care of him.

5. As a direct and proximate result of Defendant Corporation's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, John Doe Corporation, Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIV
### LACK OF INFORMED CONSENT
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 and 2 of Count XIII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of Defendant Corporation, no emergency existing, to inform Mr. Macamaux of the risks of harm attendant to the treatment and care Defendant Corporation proposed to administer to and perform upon him so that Mr. Macamaux could give his informed consent to such treatment. It also then and there became the duty of Defendant Corporation to obtain Mr. Macamaux's informed consent before proceeding with said treatment and care.

3. Nevertheless, Defendant Corporation disregarded its duty as aforesaid and failed to inform Mr. Macamaux of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If the Defendant Corporation had informed Mr. Macamaux of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Macamaux would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of Defendant Corporation's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, John Doe Corporation, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XV
### CORPORATE LIABILITY
### DEFENDANT JOHN DOE CORPORATION

1. Paragraphs 1 and 2 of Count XIII are hereby incorporated as if set forth fully and at length herein.

2. It then and there became and was the duty of Defendant Corporation to provide quality medical care to Mr. Macamaux to exercise the care in granting credentials and privileges to those providing care and treatment within the hospital, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3. Nevertheless, Defendant Corporation negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mr. Macamaux.

4. As a direct and proximate result of Defendant Corporation's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, John Doe Corporation, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XVI
### VICARIOUS LIABILITY
### DEFENDANT JOHN DOE CORPORATION

1. Paragraphs 1 through 13 the Complaint and Counts XI and XII are hereby incorporated by reference as if fully set forth at length herein.

2. Defendants, John and Jane Doe, M.D., were employees, agents and/or servants of Defendant Corporation and were acting within the scope of their employment at all times relevant hereto.

3. Defendant Corporation was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Defendants John and Jane Doe, M.D. as set forth above.

4. As a direct and proximate result of Defendant Corporation's negligence as aforesaid, Mr. Macamaux suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, Mr. Macamaux has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

WHEREFORE, Plaintiff, Robert Macamaux, demands judgment against Defendant, John Doe Corporation, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

Plaintiff,
By his Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Dated: December 31, 2007

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATES AMATO A. DELUCA, ESQ. AS TRIAL COUNSEL**