**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **USDC No.: 07-485ML** |
| | : | |
| **JACK MILLARD, M.D.;,** | : | |
| **ROGER NELSON, M.D.,** | : | |
| **DAY KIMBALL HOSPITAL** | : | |
| **JOHN and JANE DOE, M.D., ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| *Defendants* | | |

**DEFENDANT DAY KIMBALL HOSPITAL'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes defendant Day Kimball Hospital [hereinafter sometimes referred to as "this defendant"] and answers the plaintiff's Complaint herein-filed as follows:

**FIRST DEFENSE**

**Parties**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph one of that portion of the plaintiff's Complaint entitled "Parties" and therefore leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 5 or 6 of that portion of the plaintiff's Complaint entitled "Parties" inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant admits the allegations contained in paragraph 4 of that portion of the plaintiff's Complaint entitled "Parties" to the extent that the allegations allege that defendant Day Kimball Hospital is a "covered hospital" as defined by 42 U.S.C.§1395dd(e)(2); to the extent this paragraph makes any further allegations against this defendant, such allegations are specifically denied.

**SECOND DEFENSE**

**Facts**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 7, 8 or 9 of that portion of the plaintiff's Complaint entitled "Facts" and therefore leaves the plaintiff to his proof thereof.

2. This defendant specifically denies the allegations contained in paragraphs 10 and 11 of that portion of the plaintiff's Complaint entitled "Facts".

**THIRD DEFENSE**

**Jurisdiction**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 or 13 of that portion of the plaintiff's Complaint entitled "Jurisdiction" and therefore leaves the plaintiff to his proof thereof.

**FOURTH DEFENSE**

**COUNT I**

**Negligence**
**Defendant Jack Millard, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count I of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**FIFTH DEFENSE**

**COUNT II**

**Lack of Informed Consent**
**Defendant Jack Millard, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count I as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count II of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SIXTH DEFENSE**

**COUNT III**

**Negligence**
**Defendant Roger Nelson, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count III of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SEVENTH DEFENSE**

**COUNT IV**

**Lack of Informed Consent**
**Defendant Roger Nelson, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count III as if set forth fully and at length herein

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count IV of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**EIGHTH DEFENSE**

**COUNT V**

**-EMTALA-Failure to Provide Medical Screening**
**Defendant Day Kimball Hospital**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5, 6 and 7 of Count V of plaintiff's Complaint.

**NINTH DEFENSE**

**COUNT VI**

**-EMTALA- Transfer Without Stabilization**
**Defendant Day Kimball Hospital**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count V as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5 and 6 of Count VI of plaintiff's Complaint.

**TENTH DEFENSE**

**COUNT VII**

**Negligence**
**Defendant Day Kimball Hospital**

1 This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5 and 6 of Count VII of plaintiff's Complaint.

**ELEVENTH DEFENSE**

**COUNT VIII**

**Lack of Informed Consent**
**<u>Defendant Day Kimball Hospital</u>**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count VII as if set forth fully and at length herein

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5 and 6 of Count VIII of plaintiff's Complaint.

**TWELFTH DEFENSE**

**COUNT IX**

**Corporate Liability**
**<u>Defendant Day Kimball Hospital</u>**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count VII as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4 and 5 of Count IX of plaintiff's Complaint.

**THIRTEENTH DEFENSE**

**COUNT X**

**Vicarious Liability**
**Defendant Day Kimball Hospital**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint and Counts I through IV as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4 and 5 of Count X of plaintiff's Complaint

**FOURTEENTH DEFENSE**

**COUNT XI**

**Negligence**
**John and Jane Doe, M.D., Alias**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count XI of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**FIFTEENTH DEFENSE**

**COUNT XII**

**Lack of Informed Consent**
**John and Jane Doe, M.D., Alias**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XI as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count XII of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SIXTEENTH DEFENSE**

**COUNT XIII**

**Negligence**
**Defendant John Doe Corporation, Alias**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5 or 6 of Count XIII of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SEVENTEENTH DEFENSE**

**COUNT XIV**

**Lack of Informed Consent**
**Defendant John Doe Corporation, Alias**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XIII as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, or 6 of Count XIV of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied

**EIGHTEENTH DEFENSE**

**COUNT XV**

**Corporate Liability**
**Defendant John Doe Corporation**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XIII as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4 or 5 of Count XV of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**NINETEENTH DEFENSE**

**COUNT XVI**

**Vicarious Liability**
**Defendant John Doe Corporation**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 of the Complaint and to Counts XI and XII as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 1, 2, 3, 4 or 5 of Count XVI of plaintiff's Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTIETH DEFENSE**

This defendant specifically denies that the plaintiff is entitled to any of the relief sought in any of the paragraphs of his Complaint.

**TWENTY-FIRST DEFENSE**

This defendant specifically denies any and all remaining and heretofore unanswered allegations contained in the plaintiff's Complaint.

**TWENTY-SECOND DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all affirmative defenses relating to, or in connection with, the plaintiff's failure to state a claim upon which relief may be granted.

**TWENTY-THIRD DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to, or in connection with, lack of subject matter jurisdiction.

**TWENTY-FOURTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to, or in connection with, lack of personal jurisdiction.

**TWENTY-FIFTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to, or in connection with, a failure to join a necessary and indispensable party.

**TWENTY-SIXTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries and/or damages

complained of, and this defendant asserts any and all applicable affirmative defenses relating to, or in connection with, comparative negligence and contributory negligence.

## TWENTY-SEVENTH DEFENSE

In the event the plaintiff sustained or suffered any injuries and/or damages as a result of the incidents and events described in the plaintiff's Complaint, all of which allegations are specifically denied by this defendant, then this defendant avers that any such injuries and/or damages were neither caused nor contributed to, either directly or indirectly, by any acts or omissions of this defendant, its agents, servants, or employees, but said injuries and/or damages, if any, were the result of intervening acts or omissions of persons or entities other than this defendant, its agents, servants, or employees, for which acts or omissions this defendant is neither liable nor responsible.

## TWENTY-EIGHTH DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable defenses relating to assumption of the risk

## TWENTY-NINTH DEFENSE

This defendant specifically denies that it is guilty of any negligence alleged in the plaintiff's Complaint

**THIRTIETH DEFENSE**

This defendant specifically reserves the right to supplement or amend its Answer to the plaintiff's Complaint, adding further affirmative or other defenses as facts become known or discovered during the course of pre-trial discovery.

WHEREFORE, defendant Day Kimball Hospital respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-captioned action.

Defendant, Day Kimball Hospital
By its attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**JURY DEMAND**

Defendant Day Kimball Hospital hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that on this 25th day of January, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing.

Amato A. DeLuca
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Miriam Weizenbaum
Deluca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

/s/ Jay M. Elias

*Answer*