**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT MACAMAUX**

**V.** **C.A. No.: 07 485ML**

**JACK MILLARD, M.D.;**
**ROGER NELSON, M.D.;**
**DAY KIMBALL HOSPITAL**
**JOHN and JANE DOE, M.D., ALIAS;**
**JOHN DOE CORPORATION, ALIAS**

**ANSWER OF DEFENDANT, JACK MILLARD, M.D., TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, Jack Millard, M.D., (hereinafter from time to time referred to as "defendant" or "this defendant") and hereby answers the Plaintiff's Complaint herein filed as follows:

## PARTIES

1. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore leaves the Plaintiff to his proof.

2. Defendant denies that he is a citizen and resident of Connecticut and admits that at all relevant times he was a physician engaged in the practice of medicine, as alleged in Paragraph 2; however, Defendant denies that he held himself out to possess any special expertise and skill in the field of Radiology apart from those possessed by the average practitioner in that field. Defendant also denies that at all relevant times herein he was an employee, agent and/or servant of Day Kimball Hospital.

3. Defendant makes no response to the allegations contained in Paragraph 3 as said paragraph is not directed to him.

4. Defendant makes no response to the allegations contained in Paragraph 4 as said paragraph is not directed to him.

5. Defendant makes no response to the allegations contained in Paragraph 5 as said paragraph is not directed to him.

6. Defendant makes no response to the allegations contained in Paragraph 6 as said paragraph is not directed to him.

## FACTS

7. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore leaves the Plaintiff to his proof thereof.

8. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore leaves the Plaintiff to his proof thereof.

9. Defendant admits only that he interpreted an x-ray of Plaintiff's c-spine as alleged in Paragraph 9.

10. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore leaves the Plaintiff to his proof thereof.

11. Defendant specifically denies the allegations contained in Paragraph 11.

## JURISDICTION

12. Defendant makes no response to the statement contained in Paragraph 12, as said paragraph merely purports to state the claimed basis of jurisdiction in this Court.

13. Defendant makes no response to the statement contained in Paragraph 13, as said paragraph merely purports to state the claimed basis of jurisdiction in this Court.

## COUNT I
## NEGLIGENCE
## DEFENDANT JACK MILLARD, M.D.

1. Defendant realleges and reavers his responses to Paragraphs 1 through 13 of the Complaint as fully set forth at length herein.

2. Defendant admits that in and around January 16, 2006, he treated Plaintiff, Robert Macamaux, for valuable consideration; however, as alleged in Paragraph 2, Defendant Millard denies for lack of knowledge that he "undertook" to care and treat him, as it is unknown what the meaning of the word "undertook" in this context.

3. Defendant makes no response to the statement contained in Paragraph 3, as said paragraph merely purports to state a general proposition of law.

4. Defendant specifically denies the allegations contained in Paragraph 4.

5. Defendant specifically denies the allegations contained in Paragraph 5.

6. Defendant specifically denies the allegations contained in Paragraph 6.

**COUNT II**
**LACK OF INFORMED CONSENT**
**DEFENDANT JACK MILLARD, M.D.**

1. Defendant realleges and reavers his responses to Paragraphs 1 through 6 of Count I as if fully set forth at length herein.

2. Defendant specifically denies the allegations contained in Paragraph 2.

3. Defendant specifically denies the allegations contained in Paragraph 3.

4. Defendant specifically denies the allegations contained in Paragraph 4.

5. Defendant specifically denies the allegations contained in Paragraph 5.

6. Defendant specifically denies the allegations contained in Paragraph 6.

**COUNT III**
**NEGLIGENCE**
**DEFENDANT ROGER NELSON, M.D.**

1-6. Defendant makes no response to the allegations contained in Count III as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT IV**
**LACK OF INFORMED CONSENT**
**DEFENDANT ROGER NELSON, M.D.**

1-8. Defendant makes no response to the allegations contained in Count IV as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT V**
**EMTALA- FAILURE TO PROVIDE MEDICAL SCREENING**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-7. Defendant makes no response to the allegations contained in Count V

as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT VI**
**EMTALA- TRANSFER WITHOUT STABILIZATION**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-6. Defendant makes no response to the allegations contained in Count VI as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT VII**
**NEGLIGENCE**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-6. Defendant makes no response to the allegations contained in Count VII as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT VIII**
**LACK OF INFORMED CONSENT**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-6. Defendant makes no response to the allegations contained in Count VII as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT IX**
**CORPORATE LIABILITY**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-5. Defendant makes no response to the allegations contained in Count IX as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT X**
**VICARIOUS LIABILITY**
**DEFENDANT DAY KIMBALL HOSPITAL**

1-5. Defendant makes no response to the allegations contained in Count X as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XI**
**NEGLIGENCE**
**JOHN AND JANE DOE, M.D., ALIAS**

1-6. Defendant makes no response to the allegations contained in Count XI as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XII**
**LACK OF INFORMED CONSENT**
**JOHN AND JANE DOE, M.D., ALIAS**

1-6. Defendant makes no response to the allegations contained in Count XII as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XIII**
**NEGLIGENCE**
**DEFENDANT JOHN DOE CORPORATION, ALIAS**

1-6. Defendant makes no response to the allegations contained in Count XIII as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XIV**
**LACK OF INFORMED CONSENT**
**DEFENDANT JOHN DOE CORPORATION, ALIAS**

1-6. Defendant makes no response to the allegations contained in Count XIV as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XV**
**CORPORATE LIABILITY**
**DEFENDANT JOHN DOE CORPORATION**

1-5. Defendant makes no response to the allegations contained in Count XV as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**COUNT XVI**
**VICARIOUS LIABILITY**
**DEFENDANT JOHN DOE CORPORATION**

1-5. Defendant makes no response to the allegations contained in Count XVI as said Count is not directed to him; however, to the extent that any of the allegations contained therein are deemed to require a response, said allegations are specifically denied.

**FIRST DEFENSE**

Defendant denies all remaining and heretofore unanswered allegations contained in Plaintiff's Complaint.

**SECOND DEFENSE**

Without assuming the burden of proof by doing so, this Defendant asserts that the Plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this Defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**THIRD DEFENSE**

Without assuming the burden of proof by doing so, Defendant asserts all applicable defenses relating to assumption of the risk.

**FOURTH DEFENSE**

In the event that the Plaintiff suffered injuries and/or damages as a result of the incident(s) described in the Complaint (which allegations are specifically denied), Defendant avers that such injuries or damages were not caused, directly or indirectly, by any act of omission of Defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this Defendant, for which acts or omissions this Defendant is not liable.

**FIFTH DEFENSE**

Defendant raises all defenses applicable to lack of personal jurisdiction and lack of subject matter jurisdiction.

**SIXTH DEFENSE**

Defendant reserves the right to add additional defenses as facts become known during the course of pretrial discovery.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, and that Plaintiff pay all costs of defense.

Defendant, Jack Millard, M.D.,
By his attorneys,

Tate + Latham

/S/ Alan R. Tate

Alan R. Tate, Esquire #1647
Christy B. Durant, Esquire #7128
321 South Main Street, Suite 300
Providence, RI 02903
atate@tate-latham.com
cdurant@tatelatham.com
(401) 421-7400

**DEFENDANT HEREBY CLAIMS A TRIAL BY JURY AND DESIGNATES ALAN R. TATE, ESQUIRE, AS TRIAL COUNSEL**

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was electronically mailed via CM/ECF on this 1st day of February, 2008, to the following:

Amato A. DeLuca, Esquire (bud@delucaandweizenbaum.com)
DeLuca & Weizenbaum, Ltd. (miriam@delucaandweizenbaum.com)
199 North Main Street
Providence, RI 02903

Jay M. Elias, Esquire (jelias@rbhelaw.com)
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/S/ Christy B. Durant

3985.a.doc