UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

VS. C.A. NO. 07-485ML

JACK MILLARD, M.D.,
ROGER NELSON, MD.,
DAY KIMBALL HOSPITAL,
JOHN and JANE DOE, M.D., alias,
JOHN DOE CORPORATION, alias

**DEFENDANT, ROGER NELSON, M.D.'S ANSWER TO PLAINTIFFS' COMPLAINT**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

2. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

3. Defendant admits that he is a citizen and resident of Connecticut. He also admits that at the time he saw the Plaintiff, he was engaged in the practice of medicine in Connecticut and held himself out to be an emergency medicine physician. As to the remaining allegations contained in Paragraph 3, Defendant denies he was employed by Day Kimball Hospital and leaves Plaintiffs to their proof as to the remaining allegations.

4. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

5. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

6. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

7. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

8. Defendant admits that on January 16, 2006 Plaintiff presented to Day Kimball Hospital with a complaint of upper back pain. As to the remaining allegations contained in Paragraph 8, this defendant is without sufficient knowledge or information to form a belief and accordingly leaves Plaintiff to his proof.

9. Admitted.

10. Defendant admits that Mr. Macamaux was discharged from Day Kimball Hospital Emergency Department. The remaining allegations contained in Paragraph 10 are denied.

11. Denied.

12. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

13. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiffs to their proof.

**Count I**

1-6. The allegations contained in Paragraphs 1-6 of Count I are not directed at this defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing on the part of this Defendant, they are denied.

**Count II**

1-6. The allegations contained in Paragraphs 1-6 of Count II are not directed at this defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing on the part of this Defendant, they are denied.

**Count III**

1. Defendant hereby incorporates his responses to Paragraphs 1 through 13 of the Complaint.

2. Admitted.

3. Defendant denies Paragraph 3 accurately articulates his duty.

4. Denied.

5. Denied.

6. Denied.

**Count IV**

1. Defendant hereby incorporates by reference his answers to Paragraphs 1 through 2 of Count III.

2. Defendant denies Paragraph 2 accurately articulates his duty.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

**Counts V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI**

The allegations contained in all paragraphs of Counts V-XVI are not directed at this Defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing on the part of this Defendant, they are denied.

**WHEREFORE,** this defendant demands judgment dismissing plaintiffs' complaint and for costs.

**First Affirmative Defense**

To the extent during the course of this litigation, any parties against who claims are made by plaintiff as a result of the incident in question are settled, defendant affirmatively pleads the benefits of set-off to the extent of the dollar amount paid or the percentage of negligence, whichever is greater.

**Second Affirmative Defense**

Defendant claims the benefits of the Medical Malpractice Collateral Source Rule, so-called.

**Third Affirmative Defense**

Defendant pleads the Doctrine of Forum Non-Convenience.

**Forth Affirmative Defense**

Defendant pleads all defenses applicable to lack of personal jurisdiction.

**Defendant demands a trial by jury.**
**Michael G. Sarli is designated trial counsel**

Roger Nelson, M.D.
By his attorneys,

/s/ Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
Tel: (401) 274-6644
Fax: (401) 331-9304
email: mgs@gsm-law.com

## CERTIFICATION

This document has been filed electronically, and it is available for viewing and downloading from the ECF system. I hereby certify that on the 25th day of June, 2007, a true and accurate copy of the within was mailed first class, postage pre-paid to the counsel of record listed below:

Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DELUCA & WEIZENBAUM
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esq.
Tate & Latham
321 South Main Street, Suite 300
Providence, RI 02903

Jay M. Elias, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

I hereby certify that I forwarded a copy of the foregoing to the above-reference counsel of record via deposit in the United States mail, postage prepaid/hand-delivery on this13th of February, 2008.

/s/ Michael G. Sarli ______________