UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

VS. C.A. NO. 07-485ML

JACK MILLARD, M.D.,
ROGER NELSON, MD.,
DAY KIMBALL HOSPITAL,
JOHN and JANE DOE, M.D., alias,
JOHN DOE CORPORATION, alias

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, ROGER NELSON, M.D.'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Defendant, Roger Nelson, M.D. pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) hereby submits his memorandum in support of his Motion to Dismiss. As grounds for the instant motion, Defendant claims that he is not subject to the personal jurisdiction of this Court under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the laws of Rhode Island and that venue in this jurisdiction is otherwise improper.

## I. BACKGROUND

Plaintiff, a resident of Rhode Island, brings this suit against Drs. Roger Nelson and Jack Millard and the Day Kimball Hospital, located in Pomfret, Connecticut. Plaintiff alleges that as a result of the negligence of Drs. Nelson and Millard, and the violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA") by Day Kimball Hospital, he has suffered personal injuries and is entitled to damages. Plaintiff's claims arise out of a motor vehicle accident on a Connecticut road on January 16, 2006 from the scene of which he was transported via ambulance to the Day Kimball

Emergency Room. Neither Dr. Nelson nor Dr. Millard practice medicine in Rhode Island.

Plaintiff filed this suit on December 31, 2007 in this Court asserting proper jurisdiction and venue on the based on 28 U.S.C. §§ 1331 and 1332. An answer was filed on behalf of Dr. Nelson asserting the defenses of want of personal jurisdiction and forum non conveniens[1].

## II. STANDARD OF REVIEW

### a. Personal Jurisdiction

When a defendant presents the District Court with a motion to dismiss for lack of personal jurisdiction, the Court may decide the matter by application of one of several legal standards. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674 (1st Cir. 1992); Women & Infants Hospital of Rhode Island v. Community Health Network of Connecticut, Inc., 374 F.Supp. 2d 488, 490 (D.R.I. 2005). The most common method used by District Courts is whether, "the plaintiff has proffered evidence that, if credited, is enough to support findings of *all facts* essential to personal jurisdiction." Boit, at 675 (emphasis added); *see also*, Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 22 (1st Cir. 2005) (under the prima facie method, a court is permitted to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction).

To defeat a motion under this "prima facie" standard, "the plaintiff must make the showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" Boit, id., quoting, U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990). The party seeking assertion of *in personam*

[1] "Forum non conveniens" is used in this case in its generic sense to connote improper venue.

jurisdiction bears the burden of showing that such jurisdiction exists. Brunner v. Hampson, 441 F.3d 457, 462 (6th Cir. 2006). "In determining whether a *prima facie* showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a plaintiff as true." Boit, at 675. However, a plaintiff may not rely on unsupported allegations in his pleadings to make a prima facie showing of personal jurisdiction. Id. The Plaintiff must establish with reasonable particularity sufficient contacts between the Defendant and the forum state to support jurisdiction. Rice v. Karsch, 154 Fed.Appx. 454, 458-9 (6th Cir. 2005).

In particular instances, the Court may require more of the plaintiff than a prima facie showing of facts to establish personal jurisdiction. Boit, at 676. Such circumstances exist where the evidence proffered in connection with the parties' assertions is conflicting and the record is "rife with contradictions". Id. "In these circumstances, the court may hear and determine the motion to dismiss before trial ... considering all relevant evidence proffered by the parties and making all factual findings essential to disposition of the motion. When a court hears and determines a motion to dismiss in this way, the hearing is, at least implicitly if not explicitly, evidentiary in nature." Id. (internal citations, brackets and quotes omitted). In such a case, a "preponderance of the evidence" standard is applied. Id.

However, in the Court's discretion a third standard of review may be applied by the Court. "No sound reason appears for holding that a court can only choose between the two polar standards (*prima facie* and preponderance) and cannot steer a middle course." Boit, at 677. This standard requires a showing of "a likelihood that jurisdictional facts exist [as] a means of assuring that circumstances justify imposing on

the out-of-state defendant the burden of a trial in the local forum". Id., at 678. Where a court denies a motion to dismiss under the "likelihood" standard, the denial of the motion "is an implicit deferral until trial of the final ruling on jurisdiction." Id.

**b. Venue**

Similar to a motion to dismiss under Rule 12(b)(2), the filing of a Rule 12(b)(3) motion places the burden on the plaintiff to demonstrate the propriety of venue. Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir.1979). *see also*, Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 at 321-22 (3d ed.2004). The procedural analysis applied in determining a challenge of venue under Rule 12(b)(3) follows the procedure for analysis employed in a motion under Rule 12(b)(2). Steen Seijo v. Miller, 425 F.Supp.2d 194, 198 (D.P.R. 2006).

## III. ARGUMENT

**a. Plaintiff's Complaint Should Be Dismissed For Lack of Personal Jurisdiction**

Three questions constitute both the specific and general personal jurisdiction analyses: 1) whether the forum state's long-arm statute authorizes jurisdiction; 2) whether the defendant has sufficient minimum contacts so that the exercise of jurisdiction does not offend due process; and 3) whether the exercise of jurisdiction is reasonable, and therefore does not offend due process. Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998).

In order for a federal court to have personal jurisdiction over a defendant in a diversity case, the "long arm" statute of the forum state must be followed. Capizzano v. Walt Disney World, 826 F.Supp 53, 54 (D.R.I. 1993). The Rhode Island "long arm" statute is set forth in R.I.Gen.Laws § 9-5-33, and "extends to the full breadth of the

Fourteenth Amendment". Capizzano, at 54. Accordingly, an out of state defendant cannot be haled into this forum if its Due Process Rights would be violated. Id.

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a non-resident defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 411-12, 104 S.Ct. 1872, 80 L.Ed.2d 404 (1984)". In a diversity case, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state. Ticketmaster-New York, Inc. v. Alioto, 26 F.3rd 201, 204 (1st Cir. 1994). A party seeking to establish a court's jurisdiction over a party must show that minimum contacts exist between the defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice". International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

**i. The Exercise of Personal Jurisdiction Over Dr. Nelson is Inconsistent With the Rhode Island "Long Arm" Statute**

The Rhode Island long arm statute is set forth in R.I.G.L. § 9-5-33 and provides that;

> Every foreign corporation, every individual not a resident of this state or his or her executor or administrator, and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States. R.I.G.L., § 9-5-33(a).

The jurisdictional reach of the Rhode Island long arm statute is coextensive with the outermost limits of the Due Process Clause. Donatelli, 893 F.2d 459, 461 (1st Cir. 1990). Thus, in order to ascertain whether the Rhode Island long arm statute confers jurisdiction, it must be determined whether the Dr. Nelson has sufficient minimum contacts with Rhode Island such that the exercise of jurisdiction is reasonable, and therefore does not offend due process. Noonan v. Winston Co., *supra*. As set forth below, Dr. Nelson does not have any such minimum contacts and this action must accordingly be dismissed.

**ii. There Is No Specific Personal Jurisdiction**

Specific personal jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir.1992). The First Circuit utilizes a three-pronged standard for the determination of specific jurisdiction.

> "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state conduct must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." United Electrical Workers, 960 F.2d at 1089.

The "Gestalt factors", which consist of the defendant's burden of appearing, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most effective resolution of the controversy, and the common interests of all sovereigns in promoting substantive social policies, "come into play only if the first two segments of

the test for specific jurisdiction have been fulfilled". Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1991) (*quoting*, United Electrical Workers, *supra*, at 1091 n.11).

In this case, the analysis is simple. First, the claim underlying this litigation, that of the allegedly negligent treatment rendered to the Plaintiff at Day Kimball Hospital in Putnam, Connecticut, does not directly arise out of or relate to any Defendant's activities in the State of Rhode Island. The analysis of whether an act "arises out" of the defendant's activities in a forum state has been analogized by the First Circuit to the process by which causation is determined in tort actions. *See*, Pizarro v. Hoteles Concorde International, C.A., 907 F.2d 1256, 1259 (1st Cir. 1990). That is, that the injury would not have occurred "but for" the defendant's forum-state activity and the defendant's conduct in the forum state gave rise to the cause of action. Id., at 1259-60. Here, the treatment of which the Plaintiff complains was not rendered based upon any acts of Dr. Nelson in the State of Rhode Island. Rather, due to complaints of injury Mr. Macamaux was transported via rescue to Day Kimball Hospital from the scene of a motor vehicle collision on a Connecticut road. Therefore, the claims of the Plaintiff arise out of treatment occasioned by the *Plaintiff's* activities in the *State of Connecticut*, and the apparently emergent situation in which the Plaintiff found himself.

Second, there was no purposeful availment by Dr. Nelson of the privilege of conducting activities in the State of Rhode Island. Simply put, Dr. Nelson does not have any interactions with the State of Rhode Island sufficient to subject him to personal jurisdiction in Rhode Island. *c.f.* Helicopteros Nacionales de Colombia, S.A. v. Hall, *supra*. (Colombian helicopter concern was not subject to personal jurisdiction in Texas where it was never authorized to do business in Texas, never had an agent for service of

process in Texas, never performed any helicopter operations in Texas, never sold any product in Texas, never solicited business in Texas, never signed any contracts in Texas, owned no Texas property, and never hired or based any employees or maintained any office in Texas). Here, Dr. Nelson is not licensed to practice medicine in Rhode Island, does not treat patients in Rhode Island, does not reside in Rhode Island and does not have an agent for service of process in Rhode Island.

Finally, since there can be no specific personal jurisdiction over Dr. Nelson based on the factors set forth by the First Circuit, the Gestalt factors do not come into play in this analysis. However, to the extent that this Court should determine that the Plaintiff has made at least a *prima facie* showing of the propriety of this Court's exercise of personal jurisdiction over Dr. Nelson, the Gestalt factors are further discussed below.

**iii. <u>There Is No General Personal Jurisdiction</u>**

Because Plaintiff's claims do not arise out of, and are not directly related to Dr. Nelson's contacts with and in the State of Rhode Island, in order to maintain his action in this forum, Plaintiff must demonstrate the existence of general jurisdiction. Donatelli v. National Hockey League, 893 F.2d 459, 463 (1st Cir. 1990); Capizzano v. Walt Disney World, 826 F.Supp. 53, 54 (D.R.I. 1993). General jurisdiction exists when the litigation is not directly founded on the defendant's forum based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. United Electrical Workers, *supra*, at 1088. The standard for finding minimum contacts for general jurisdiction is considerably more stringent than that for specific jurisdiction. Donatelli, at 463.

A judicial inquiry into general jurisdiction is a two-step process. Donatelli, 893 F.2d at 465. "A reviewing court must first examine the defendant's contacts with the forum. If the same do not exist in sufficient abundance, that is, if the constitutionally necessary first-tier minimum is lacking, the inquiry ends. If, however, the minimum exists, the criteria catalogued by the Court must be assessed in order to determine the constitutionality, in the particular circumstances, of an exercise of jurisdiction". Id.

General personal jurisdiction exists in situations where an out-of-state defendant purposefully directs his activities to a forum resident and derives a benefit from its voluntarily conduct of interstate activities. *See*, Burger King v. Rudzewicz, 471 U.S. 462, 473-74, 105 S.Ct. 2174, 2183, 85 L.E.d.2d 528 (1985). However, it will not apply to confer personal jurisdiction where a party's contacts with the forum state are "single or isolated". International Shoe, 326 U.S. at 317.

In this case, nothing can be shown that Dr. Nelson conducted *any* activities in Rhode Island, much less purposefully and to his benefit. Even if Dr. Nelson has some relationship with Rhode Island by virtue of his treatment of patients from Rhode Island, this is simply not constitutionally sufficient to confer general personal jurisdiction. *See*, Nicholas v. Buchanan, 806 F.2d 305 (1st Cir. 1986) (Rhode Island plaintiff's alleged contract with a Texas defendant could not, by itself, establish sufficient minimum contacts in Rhode Island); Morel ex rel. Moorehead v. Estate of Davidson, 148 F.Supp.2d 161, 167 (D.R.I. 2001) ("it is the defendant's contacts with the forum state, not its residents, that matter for purposes of in personam jurisdiction"); Christopher v. Mount Snow, 1996 WL 590738 (D.Mass. 1996) (Vermont ski resort was not subject to personal jurisdiction under Due Process analysis in Massachusetts in suit brought by

skier injured by equipment at defendant's resort where defendant's contacts with the forum consisted merely of soliciting business in Massachusetts).

Simply put, Dr. Nelson does not conduct continuous or systematic activity in the State of Rhode Island in any connection sufficient to give rise to a reasonable expectation that he would be haled into this forum. As set forth in the preceding section, Dr. Nelson is not licensed to practice medicine in Rhode Island, does not maintain any offices in Rhode Island, and does not reside in Rhode Island. The relationship between the parties was established in Connecticut as a result of conduct occurring in Connecticut. Furthermore, even if Dr. Nelson did have substantial contacts with the forum, which is denied, this would still be insufficient to subject him to personal jurisdiction in Rhode Island. *See*, Capizzano, 826 F.Supp. 53, 55 (mere substantial contacts with a forum cannot provide a basis for general jurisdiction consistent with Due Process, but rather, a defendant's contacts with Rhode Island must meet the continuous and systematic standard to comply with the Rhode Island long arm statute and the Fourteenth Amendment).

Dr. Nelson's conduct and connection with the forum state are merely that he happened to treat an emergency patient who happened to be from Rhode Island and who was injured in a motor vehicle collision while driving in Connecticut. The fact that his patient is a Rhode Islander who injures himself in Connecticut is insufficient for a showing of foreseeability on the part of Dr. Nelson critical to Due Process. Consequently, this Court lacks personal jurisdiction over Dr. Nelson, and the Plaintiff's Complaint should be dismissed accordingly.

**iv. The Gestalt Factors Do Not Support This Court's Exercise of Personal Jurisdiction Over Dr. Nelson**

Even if the Court should find that any one of the above-numerated factors is met for the purpose of making a *prima facie* showing of the propriety of this Court's exercise of personal jurisdiction, the "Gestalt factors", used to determine the reasonableness of a court's exercise of jurisdiction over a defendant, applied to this case weigh against the exercise of personal jurisdiction over Dr. Nelson. The United States Supreme Court has articulated the concepts of reasonableness and foreseeability required of a minimum contacts analysis. "[T]he foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474 (*quoting*, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 567 (1980). This means that, even where an out-of-state defendant purposefully generates contacts in the forum state, a court must still consider a number of other factors which bear upon the fairness of subjecting a nonresident to-its authority. *See*, Donatelli, *supra*, at 464-65; United Electrical Workers, *supra*, at 1088.

These "Gestalt factors" consist of the defendant's burden of appearing, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most effective resolution of the controversy, and the common interests of all sovereigns in promoting substantive social policies. *See*, Burger King, 471 U.S. at 477, 105 S.Ct. at 2185. These factors "may neither be amenable to mechanical application nor be capable of producing an open-and-shut result. Their primary function is simply to ... put[ ] into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction".

United States v. Swiss American Bank, 274 F.3d 610, 635 (1st Cir. 2001) (*quoting*, Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 150 (1st Cir.1995)).

As applied here, the burden of Dr. Nelson's presence in defending a suit brought in Rhode Island against him and others domiciled in Connecticut for conduct allegedly occurring in Connecticut is unduly burdensome given the facts underlying this litigation, and the clear lack of any relationship of Dr. Nelson with Rhode Island. Although "defending in a foreign jurisdiction almost always presents some measure of inconvenience, ... this factor becomes meaningful only where a party can demonstrate a 'special or unusual burden'", Sawtelle, *supra*, at 1395. In this case, there exists such a burden; namely that the majority of witnesses and evidence are situated in Connecticut, not Rhode Island. All of the Defendants reside in Connecticut, not Rhode Island, and the events giving rise to this suit occurred in Connecticut, not Rhode Island. It would therefore be unreasonable for Dr. Nelson to produce all of his witnesses and evidence, situated in Connecticut, in a Rhode Island Court.

In determining Rhode Island's interest in adjudicating this dispute, "[t]he purpose of the inquiry is not to *compare* the forum's interest to that of some other jurisdiction, but to determine the extent to which the forum *has* an interest". Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d at 151 (emphasis in original). Critical to this evaluation is the determination of which law should apply. Harlow v. Children's Hospital, 432 F.3d 50, 67 (1st Cir. 2005).

Rhode Island applies an interest-weighing approach which involves a consideration of several significant factors, one of which is the location where the injury occurred. Blais v. Aetna Cas. & Surety Co., 526 A.2d 824, 856 (R.I. 1987). Factors

which must be weighed in determining which law applies are (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. Najarian v. National Amusements, Inc., 768 A.2d 1253, 1255 (R.I. 2001).

The ultimate choice of law will depend, however, upon a determination regarding which jurisdiction had the most significant interest in the litigation. In this interest-weighing approach the factors to be considered include not only the place where the injury occurred, but also the place where the conduct causing the injury occurred, the domicile or residence of the litigants, and the place where the relationship, if any, between the litigants is centered. Blais, *supra*.

Here, the underlying injury occurred in Connecticut, and the conduct alleged to have caused the injury occurred in Connecticut. The Defendants are all domiciled in Connecticut. The Plaintiff, however is a Rhode Island resident. The place where the relationship between the parties is centered is Connecticut.

Moreover, the parties would reasonably have expected Connecticut law to apply to an injury that occurred at a hospital in that state and that Connecticut has a significant interest in regulating the conduct of its residents. Therefore, the factors of predictability of results and maintenance of interstate order would weigh in favor of Connecticut. Furthermore, the contracts of insurance issued to the Defendants were issued under the provisions of Connecticut law, therefore, there is further support for the applicability of Connecticut law with respect to the predictability of results. Finally, the judicial task would be simplified by the application of Connecticut law, since, under EMTALA, the

state law of the jurisdiction in which the hospital is located applies to those claims. Application of Connecticut law to all claims, and not just the EMTALA claims would clearly simplify the judicial task as opposed to applying two different states' laws to one Plaintiff's case.

This analysis also informs the determination of the judicial system's interest in obtaining the most effective resolution of the controversy, and the common interests of all sovereigns in promoting substantive social policies. Clearly it would be much more efficient to have all of the claims heard by the court in the forum whose law would apply with respect to the federal claim brought by the Plaintiff, where the bulk of the evidence, witnesses, and parties are located and where the events giving rise to this litigation transpired. Finally, the substantive social policy embodied in the Due Process Clause itself militates against allowing a Plaintiff to arbitrarily select a forum with little or no relation to the matters giving rise to suit, at the expense and burden of the out of state Defendants where the Plaintiff cannot show that he would not be afforded substantially the same measure of relief in Connecticut. *See*, Donatelli v. National Hockey League, 893 F.2d at 472. (Plaintiff could not demonstrate any substantive social policies which would be vindicated by allowing suit to proceed in Rhode Island against out-of-state defendant with no organizational presence in Rhode Island, where alternative forum would present sufficient opportunity for redress and would be fairer and more efficient to all concerned).

Therefore, to the extent an examination of the reasonableness of the exercise of personal jurisdiction over Dr. Nelson is required, it is clear that it would not be

reasonable to subject Dr. Nelson to personal jurisdiction in this forum. Accordingly, the Plaintiff's Complaint should be dismissed.

**b. <u>Plaintiff's Complaint Should Be Dismissed For Improper Venue</u>**

The federal venue statute, 28 U.S.C. § 1391 provides, in pertinent part, that;

> "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,...or (3) a judicial district in which any defendant may be found, if there is no other district in which the action may be brought." 28 U.S.C. § 1391(b).

In this case, the Plaintiff asserts jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332 for his common-law tort claims. Plaintiff also has asserted a claim based on alleged violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §§ 1395dd *et seq*. ("EMTALA") and by virtue thereof, asserts jurisdiction on the basis of federal question pursuant to 28 U.S.C. § 1331. Therefore, in order for venue to be proper, this claim must be brought in Connecticut and not Rhode Island since jurisdiction is not based solely on diversity, all of the Defendants are residents of Connecticut and a substantial part of the events or omissions giving rise to the claim occurred in Connecticut. Plaintiff has not done so, and his Complaint should be dismissed accordingly.

## IV. <u>CONCLUSION</u>

In this case, the Plaintiff cannot proffer sufficient credible evidence to support a finding of all facts essential to this Court's exercise of personal jurisdiction over Dr. Nelson. Neither the specific conduct alleged of Dr. Nelson nor his general conduct or

contacts in and with the State of Rhode Island, if any, are sufficient to subject Dr. Nelson to personal jurisdiction in Rhode Island. Furthermore, since the filing of this Complaint with this Court is improper pursuant to 28 U.S.C. § 1391, the Plaintiff's Complaint should be dismissed accordingly.

Defendant, ROGER NELSON, M.D.,
By his attorneys,

/s/ Michael G. Sarli

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
mgs@gsm-law.com

**CERTIFICATION**

This document has been filed electronically, and it is available for viewing and downloading from the ECF system. I hereby certify that on the 4th day of April, 2008, a true and accurate copy of the within was mailed first class, postage pre-paid to the counsel of record listed below:

Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DELUCA & WEIZENBAUM
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esq.
Tate & Latham
321 South Main Street, Suite 300
Providence, RI 02903

Jay M. Elias, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Michael G. Sarli