**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX**<br>*Plaintiff* | : | |
| **v.** | : | **USDC No.: 07-485ML** |
| **JACK MILLARD, M.D.;**<br>**ROGER NELSON, M.D.;**<br>**DAY KIMBALL HOSPITAL;**<br>**JOHN and JANE DOE, M.D., ALIAS;**<br>**JOHN DOE CORPORATION, ALIAS**<br>*Defendants* | : | |

**RULE 16 STATEMENT**
**of**
**DEFENDANT DAY KIMBALL HOSPITAL**

## I. Facts, Claims, Defenses and Issues in Dispute

On December 31, 2007, the plaintiff filed the Complaint. In it, he alleges that defendant Jack Millard, M.D. is a specialist in the field of Radiology, defendant Roger Nelson, M.D. is a specialist in the field of Emergency Medicine, and that both are employees, agents and/or servants of defendant Day Kimball Hospital. The plaintiff alleges that this defendant is subject to the provisions of the Emergency Medical Treatment and Active Labor Act ("EMTALA").

It is alleged that on January 16, 2006, the plaintiff presented at Day Kimball Hospital (the "Hospital") with an emergency medical condition following a motor vehicle accident. It is alleged that an x-ray of the plaintiff's spine was taken and interpreted by Dr. Millard. The Complaint asserts that the plaintiff was discharged from the Hospital with an emergency medical condition and that the various defendants provided negligent medical care.

The Complaint includes six counts specifically directed to the defendant Hospital. The first count alleges a failure to provide appropriate medical screening pursuant to EMTALA. The second count alleges a transfer of the plaintiff without stabilization, also pursuant to EMTALA. In particular, it is maintained that the Hospital and its agents/employees had a duty not to discharge or release the plaintiff until his condition had stabilized. The third count alleges negligence, specifically a failure to exercise ordinary care in the diagnosis, treatment and care of the plaintiff. The fourth count avers

lack of informed consent and the fifth alleges corporate liability. With respect to the latter, it is maintained that the Hospital negligently disregarded its duty to promulgate and enforce policies to insure the delivery of ordinary medical care or to otherwise discharge its responsibilities to the plaintiff. The final count against the Hospital is vicarious liability. The Complaint alleges that the Hospital is vicariously liable for the acts of the co-defendants, Dr. Millard and Dr. Nelson.

Regarding Dr. Millard and Dr. Nelson, the Complaint includes a count of negligence and a count of lack of informed consent against each.

With respect to damages, the Complaint alleges that the plaintiff suffered severe injury to his mind, body, nerves and nervous system. In particular, it is maintained that he is permanently injured due to neck pain, as well as pain and weakness in his shoulders, arms, and hands. Mental pain and emotional distress are alleged as well. The Complaint further alleges loss of enjoyment, loss of earnings, loss of earning capacity, and an inability to perform usual activities.

Defendant Day Kimball Hospital has denied any negligence in connection with plaintiff's claims, and has asserted as its defenses a failure to state a claim upon which relief can be granted, a lack of subject matter jurisdiction, a lack of personal jurisdiction, contributory and comparative negligence, third party acts or omissions for which this defendant is neither liable nor responsible, and the defense of assumption of risk. This defendant intends to establish these affirmative defenses through the discovery process.

Based upon the information available at this time, the defendant Hospital steadfastly maintains that at all times pertinent to this case, the care and treatment provided to the plaintiff met the applicable standard of care, and that the care and treatment provided was both proper and appropriate.

Respectfully submitted by:

Defendant,
**Day Kimball Hospital**

By its Attorneys,
Ratcliffe Burke Harten & Elias, LLP

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

I hereby certify that on this 9th day of April 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Deluca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esquire
Christy B. Durant, Esquire
Tate + Latham
321 South Main Street
Suite 300
Providence, RI 02903

Michael G. Sarli, Esquire
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Jay M. Elias

*Macamaux.Rule 16 Conference Statement*