**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT MACAMAUX**

**V.** **C.A. No.: 07 485ML**

**JACK MILLARD, M.D.;**
**ROGER NELSON, M.D.;**
**DAY KIMBALL HOSPITAL**
**JOHN and JANE DOE, M.D., ALIAS;**
**JOHN DOE CORPORATION, ALIAS**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JACK MILLARD, M.D.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now comes the defendant, Jack Millard, M.D. (hereinafter sometimes referred to as "Dr. Millard") and hereby submits this memorandum of law in support of his Motion to Dismiss Plaintiff, Robert Macamaux's Complaint. The grounds for the relief requested is that this Court lacks personal jurisdiction over him under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the laws of the State of Rhode Island, rendering venue in this jurisdiction improper.

## I. FACTS AND BACKGROUND

This is a medical malpractice action initiated by plaintiff, Robert Macamaux, a Rhode Island resident, against the instant defendant, Jack Millard, M.D., a resident of Massachusetts, as well as other defendants.[1] Mr. Macamaux contends that he received inadequate medical treatment while at Day Kimball Hospital, located in Putnam, Connecticut, in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA") and as a result of the alleged negligence of Dr. Millard and Dr. Roger Nelson he suffered personal injuries that entitle him to

[1] Dr. Millard is a Radiologist with privileges to practice at Day Kimball Hospital. He is not employed by Day Kimball Hospital.

monetary damages. Plaintiff's claims arise out of a motor vehicle accident that occurred on Route 395 in Plainfield, CT on January 16, 2006. Mr. Macamaux was transported via ambulance from the scene of the accident to Day Kimball Hospital, Putnam, CT for further evaluation. Upon his arrival to the Hospital plaintiff was evaluated and treated in the Emergency Department by Dr. Roger Nelson and had radiographic studies performed that were interpreted by Dr. Millard. The treatment received by the various Defendants during this admission is the subject of plaintiff's Complaint. Neither Dr. Millard nor Dr. Nelson practice medicine in the State of Rhode Island and only provided treatment to the plaintiff in Connecticut.

On or about December 31, 2007 plaintiff filed the current action in this Court declaring proper jurisdiction and venue over all defendants based on 28 U.S.C. §§1331 and 1332. Dr. Millard filed an Answer to Plaintiff's Complaint on or about February 1, 2008 raising the defense of lack of personal jurisdiction.

## II. STANDARD OF REVIEW

"When facing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure (12)(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction is proper." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir.2001). In the absence of an evidentiary hearing to determine whether personal jurisdiction exists, the plaintiff must make a prima facie showing of jurisdiction by proffering "evidence that, if credited, is enough to support findings of *all* facts essential to personal jurisdiction." N. Am. Catholic Educational Programming Foundation, Inc. v. Cardinale, 536 F.Supp.2d 181, 186 (D.R.I. 2008) (*quoting* Boit v. GarTec Prods., Inc., 967 F.2d 671, 675 (1st Cir.1992)). While the Court must accept the plaintiff's documented proffers as true, whether or not disputed, the plaintiff's

demonstration must be based on specific facts set forth in the record. Women & Infants Hospital of R.I. v. Community Health Network of Conn., Inc. 394 F.Supp.2d 488, 490 (D.R.I. 2005); *see also* N. Am. Catholic Educ. Programming Found., Inc. at 186. Additionally, the Court is permitted to add to the mix uncontradicted facts put forward by the defendants. Id.

In order to defeat a defendant's motion to dismiss and establish that personal jurisdiction exists, the plaintiff must overcome two hurdles. N. Am. Catholic Educ. Programming Found., Inc. at 186 (*citing* Daynard v, Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 49 (1st Cir.2002) *referencing* Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir.1995)). First, the plaintiff must show that the forum state has a long arm statute that enables the court to exercise jurisdiction over a non-resident defendant; and second, the plaintiff must show that asserting jurisdiction over the defendant comports with the due process requirements of the Fourteenth Amendment. Id. The Rhode Island long-arm statute set forth in R.I.Gen.Laws §9-5-33 provides in pertinent part:

> "Every foreign corporation, every individual not a resident of this state… that shall have the necessary minimum contacts with the State of Rhode Island, shall be subject to the jurisdiction of the State of Rhode Island, and the courts of this State shall hold such foreign corporations and such nonresident individuals…amendable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States."

Pursuant to this statute, a Court may exercise jurisdiction over non-resident defendants to the full extent allowed by the Fourteenth Amendment of the U.S. Constitution, therefore this Court need only decide whether the assertion of personal jurisdiction over the defendant comports with the due process principles. Bertram v. Wall, F.Supp.2d, 2002 WL 1889030 (D.R.I. 2002); *see also* N. Am. Catholic Educ. Programming Found., Inc., at 186; Women & Infants of R.I. at 491.

## III. ARGUMENT

### A. Plaintiff's Complaint should be dismissed for lack of personal jurisdiction in accordance with the principles of due process

"To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey the decrees"'. Daynard v, Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002) (*quoting* United States v. Swiss Am. Bank, Ltd., 191 F.3d 30,35 (1st Cir.1999)). "The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert personam jurisdiction over a non-resident defendant". Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 411-12, 104 S.Ct. 1872, 80 L.Ed 2d 404 (1984). In order to comport with the minimum requirements of the Due Process Clause the plaintiff must show that a defendant has certain "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'". International Shoe Co. v. Washington, 326 U.S. 310,316 (1945). More specifically, the minimum contacts must be substantial enough "that the defendant should reasonably anticipate being haled into court there." Bertram v. Wall, F.Supp.2d, 2002 WL 1889030 (D.R.I. 2002) (*quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S.286, 297 (1980)).

In applying the minimum contact analysis the courts recognize two types of jurisdiction, general and specific. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts but the defendant has engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Helicopteros at 414-416. Specific jurisdiction exists "where the plaintiff's claims 'arise out' of or are 'directly related' to defendant's contacts with the forum state…" Id.

**1. The State of Rhode Island does not have specific personal jurisdiction over Dr. Millard**

In determining if there is specific personal jurisdiction over a defendant, the Court applies a three-prong standard in conducting the minimum contacts analysis: (1) whether the claims underlying the litigation directly relate to or arise out of defendant's contacts with the forum; (2) whether the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking its benefits and protections; (3) whether or not the Court's exercise of jurisdiction over the defendant is reasonable in light of the "gestalt factors". Women & Infants Hospital of R.I. at 491; *see also* Sostre v. Leslie, Slip Copy, 2008 WL 245837 (D.R.I. Jan. 4, 2008); Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir.1995). The "gestalt factors" include such consideration as: the burden on the defendant of appearing, the forum state's interest in litigating the dispute, the plaintiff's interest in convenient and effective relief, the judicial system's interest in effective resolution and the state's common interest. Women & Infant's Hospital of R.I. at 492.

In applying the aforementioned three (3) pronged test to the present matter, it is abundantly clear that plaintiff cannot satisfy the standards set forth in the minimum contacts analysis and therefore cannot meet the burden of proving the Court's personal jurisdiction over Dr. Millard. The case law is clear that "an affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." N. Am. Catholic Educ. Programming Found., Inc. at 186 (*citing* Philips Exeter Acad. V. Howard Philips Fund, Inc., 196 F.3d 284, 288 (1st Cir.1999)).

According to the first prong, in order to assert specific personal jurisdiction, the plaintiff's claim underlying this litigation must directly arise out of or relate to, defendant's

forum-state activities. In explaining the application of the "relatedness" prong of the test, the First Circuit has suggested an analogy between the relatedness requirement and the concept of causation in tort law under which both 'cause in fact' and 'legal cause' must be satisfied to find causation sufficient to support specific jurisdiction. In other words the Court has posed the questions, "would the injury have occurred 'but for' the defendant's forum activity" and "did the defendant's in-state conduct give rise to the cause of action" in assessing a defendant's connection to a claim.

Looking to the specific facts of this case, as previously mentioned, the underlying claim arises out of plaintiff's allegations of negligent care and treatment rendered to him by the defendants at Day Kimball Hospital in Putnam, CT, following a motor vehicle accident on a Connecticut highway. There is no evidence to suggest that plaintiff's claims in any way arise out of or relate to any activities by Dr. Millard in the State of Rhode Island. Furthermore, in applying the concept of causation, plaintiff's alleged injuries have no correlation to Dr. Millard's activities or conduct, if any, in the State of Rhode Island. The care and treatment rendered to plaintiff occurred entirely within the State of Connecticut and arose out of plaintiff's *own* act of driving within that State. In fact, it was plaintiff's complaints of injury following a motor vehicle accident that resulted in his transportation to Day Kimball Hospital for evaluation and treatment and was in no way related to an act of Dr. Millard.

Under the second prong of the minimum contact analysis, plaintiff must show that the defendant purposefully availed himself of the laws of the State of Rhode Island. More specifically, in this case in order to satisfy the purposeful availment requirement of the jurisdictional test, plaintiff has to demonstrate that Dr. Millard voluntarily engaged in contact with Rhode Island that made it foreseeable that he might be required to defend himself in Rhode

Island. N. Am. Catholic Educ. Programming Found., Inc. at 193 (*citing* Philips Exeter Acad. V. Howard Philips Fund, Inc., 196 F.3d 284, 292 (1st Cir.1999)). The Court's objective in creating this requirement is to "assure that personal jurisdiction is not premised solely upon a defendant's random, isolated or fortuitous contact with the forum state." N. Am. Catholic Educ. Programming Found., Inc. at 193 (*quoting* Sawtelle, 70 F.3d at 1391).

As Dr. Millard has never purposefully availed himself of the laws of Rhode Island, plaintiff is unable to meet the second prong of the minimum contact standard. Dr. Millard was a resident of the Commonwealth of Massachusetts at all relevant times hereto who practices medicine as a Radiologist in the State of Connecticut. Dr. Millard does not and has never held a Rhode Island medical license, has never treated patients within the State of Rhode Island and therefore, does not have any type of interactions with the State of Rhode Island sufficient to make it foreseeable he would be subjected to personal jurisdiction in Rhode Island.

Finally, as to the third prong of the minimum contacts analysis the Court has identified a set of "gestalt factors" to be considered in assessing whether the Court's exercise of jurisdiction is reasonable. Given that plaintiff is unable to satisfy the first and second prong of the jurisdictional analysis the "gestalt factors" are not relevant. N. Am. Catholic Educ. Programming Found., Inc. at 196 (*citing* Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,210 (1st Cir.1994) (holding that "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction")). However, should the Court consider the "gestalt factors" in weighing defendant's arguments for dismissal, an analysis of those factors make exercise of jurisdiction over Dr. Millard by the Rhode Island Court unreasonable. The only connection this matter has to the State of Rhode Island is that it is the plaintiff's domicile. As noted, Dr. Millard resides in

Massachusetts and works in Connecticut making it inconvenient, at the very least, for him to appear in a Rhode Island Court. Additionally, while all states have an interest in "providing a convenient forum for its residents to redress injuries inflicted by out-of-forum actors", Connecticut appears to have a far greater interest in hearing this matter as the alleged negligence occurred there, the Day Kimball Hospital is located in Connecticut, the Physician Defendants both work in Connecticut and the underlying motor vehicle accident which led Plaintiff to Day Kimball Hospital occurred on a Connecticut highway. Daynard at 43. It would also be more cost effective to hear this matter in Connecticut given the aforementioned factors and the pre-trial discovery involved in a multiple defendant lawsuit.

**2. The State of Rhode Island does not have general personal jurisdiction over Dr. Millard**

"It is well-established that the standard for finding general jurisdiction 'is considerably more stringent than that applied to specific jurisdiction questions.'" Sostre v. Leslie, Slip Copy, 2008 WL 245837 at 6 (D.R.I. Jan. 4, 2008) (*quoting* Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir.2007)). To have general jurisdiction over a defendant the plaintiff must show that the defendant has engaged in 'continuous and systematic activity' in the forum, even if the activity is unrelated to the suit. Daynard at 51 (*citing* United Elec., Radio & Mach. Workers of Am. V. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir.1992)). The continuous and systematic requirement is satisfied when the defendant's forum contacts are extensive and pervasive. Sostre v. Leslie at 6 (*citing* Barry v. Mortgage Servicing Acquisition Corp., 909 F.Supp. 65, 75 (D.R.I. 1995)).

The Complaint in this case does not contain any allegations that Dr. Millard has engaged in 'continuous and systematic activity' in Rhode Island or that his contacts with Rhode Island, if

any, are 'extensive and pervasive' as is required to find the exercise of general jurisdiction to be proper. *See*, Bertram v. Wall, F.Supp.2d, 2002 WL 1889030 (D.R.I. 2002) (holding where plaintiff failed to demonstrate any systematic and continuous activity by any of the Connecticut defendants in Rhode Island, in plaintiff's Complaint or in his response to Court's Order to Show Cause, there was a lack of general personal jurisdiction).

There is no evidence to suggest that Dr. Millard has ever engaged in any type of professional activity in the State of Rhode Island, much less any continuous and systematic activity. As previously noted Dr. Millard maintains residence in the Commonwealth of Massachusetts and is employed in the State of Connecticut. While he may on occasion have rendered medical services to patients from Rhode Island, such as plaintiff, via their admission to Day Kimball Hospital, he has not engaged in the practice of seeking patients from Rhode Island nor has he held himself out as a physician who treats Rhode Island patients. The simple fact that Dr. Millard became involved in plaintiff's care and treatment by reading radiology studies the day after plaintiff was transported to and treated at the emergency room of Day Kimball Hospital following an automobile accident in Connecticut, is certainly not sufficient to establish the requisite substantial contacts between Dr. Millard and the State of Rhode Island. In this instance, Dr. Millard had no reason to foresee that providing medical care to the plaintiff in Connecticut would subject him to personal jurisdiction in Rhode Island, particularly since he was most likely unaware Mr. Macamaux was even a Rhode Island resident until the time of this suit.

## IV. CONCLUSION

In the absence of Dr. Millard having any purposeful significant connection to the State of Rhode Island, particularly any contact that is continuous and systematic, plaintiff is unable to meet the requisite standards to demonstrate either general or specific jurisdiction over Dr.

Millard. As such, the State Rhode Island lacks the personal jurisdiction of this defendant necessary to adjudicate this case. Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint should be granted.

Defendant, Jack Millard, M.D.,
By his attorneys,

**Tate Law Group**

/s/ Alan R. Tate_______________________
Alan R. Tate, Esquire #1647
Christy B. Durant, Esquire #7128
321 South Main Street, Suite 300
Providence, RI 02903
(401) 421-7400

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed, postage prepaid, on this 28th day of April, 2008, to the following:

Amato A. DeLuca, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Jay M. Elias, Esquire
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Michael G. Sarli, Esquire
Matthew D. Rocheleau, Esquire
Gidley, Sarli & Marusak
1 Turks Head Place, Suite 900
Providence, RI 09203

/s/ Alan R. Tate_______________________

3985.mtd-memo.doc

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT MACAMAUX**

**V.** **C.A. No.: 07 485ML**

**JACK MILLARD, M.D.;**
**ROGER NELSON, M.D.;**
**DAY KIMBALL HOSPITAL**
**JOHN and JANE DOE, M.D., ALIAS;**
**JOHN DOE CORPORATION, ALIAS**

## TABLE OF AUTHORITIES


| CITED ON | CASES |
|---|---|
| 8 | Barry v. Mortgage Servicing Acquisition Corp., 909 F.Supp. 65, 75 (D.R.I. 1995) |
| 3, 4, 9 | Bertram v. Wall, F.Supp.2d, 2002 WL 1889030 (D.R.I. 2002) |
| 3, 4, 8 | Daynard v, Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 49 (1st Cir.2002) |
| 3 | Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir.1995) |
| 4 | Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 411-12, 104 S.Ct. 1872, 80 L.Ed 2d 404 (1984) |
| 4 | International Shoe Co. v. Washington, 326 U.S. 310,316 (1945) |
| 8 | Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir.2007) |
| 2, 3, 5, 6, 7 | N. Am. Catholic Educational Programming Foundation, Inc. v. Cardinale, 536 F.Supp.2d 181, 186 (D.R.I. 2008) |
| 5, 6 | Philips Exeter Acad. V. Howard Philips Fund, Inc., 196 F.3d 284, 288 (1st Cir.1999) |
| 5, 7 | Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir.1995) |
| 5, 8 | Sostre v. Leslie, Slip Copy, 2008 WL 245837 (D.R.I. Jan. 4, 2008) |

7 Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,210 (1st Cir.1994)

8 United Elec., Radio & Mach. Workers of Am. V. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir.1992)

2, 4 United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir.2001)

3, 5 Women & Infants Hospital of R.I. v. Community Health Network of Conn., Inc. 394 F.Supp.2d 488, 490 (D.R.I. 2005)

4 World-Wide Volkswagen Corp. v. Woodson, 444 U.S.286, 297 (1980)

**STATUTES**

2 F.R.C.P. (12)(b)(2)

3 R.I.G.L. §9-5-33