UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ROBERT MACAMAUX**<br>*Plaintiff* | : | |
| **v.** | : | **USDC No.: 07-485ML** |
| **JACK MILLARD, M.D.,**<br>**ROGER NELSON, M.D.,**<br>**DAY KIMBALL HOSPITAL,**<br>**JOHN and JANE DOE, M.D., ALIAS,**<br>**JOHN DOE CORPORATION, ALIAS**<br>*Defendants* | : | |

**DEFENDANT DAY KIMBALL HOSPITAL'S MOTION TO DISMISS**

Now comes defendant Day Kimball Hospital and, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for an Order dismissing the plaintiff Robert Macamaux's Complaint. This defendant submits the attached Memorandum of Law is submitted in support of this Motion.

Defendant, Day Kimball Hospital
By its attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## NEED FOR HEARING

The undersigned does not request an oral argument and/or evidentiary hearing.

/s/ Jay M. Elias

______________________________

## CERTIFICATION

I hereby certify that on this 29th day of April, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing.

Amato A. DeLuca
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Miriam Weizenbaum
Deluca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Christy B. Durant, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Michael G. Sarli, Esquire
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Jay M. Elias

______________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX**<br>*Plaintiff* | : | |
| **v.** | : | **USDC No.: 07-485ML** |
| **JACK MILLARD, M.D.,**<br>**ROGER NELSON, M.D.,**<br>**DAY KIMBALL HOSPITAL,**<br>**JOHN and JANE DOE, M.D., ALIAS,**<br>**JOHN DOE CORPORATION, ALIAS**<br>*Defendants* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAY KIMBALL HOSPITAL'S MOTION TO DISMISS**

This Memorandum of Law is submitted in support of the Motion to Dismiss filed by defendant Day Kimball Hospital (hereinafter sometimes referred to as "this defendant" or the "Hospital"). The Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that this defendant is not subject to the personal jurisdiction of this Court under authority of either the United States Constitution or the laws of the State of Rhode Island.

## I. FACTS AND TRAVEL

On December 31, 2007, the plaintiff, Robert Macamaux, (hereinafter sometimes referred to as "the plaintiff") instituted the underlying action. The Complaint alleges that the plaintiff is a resident of Woonsocket, Rhode Island. Co-defendants, Dr. Jack Millard and Dr. Roger Nelson, are alleged by the plaintiff to be residents of the State of Connecticut. Day Kimball Hospital is a non-profit hospital located in Putnam, Connecticut.

The occurrence which gave rise to this action was a motor vehicle accident that occurred on January 16, 2006 in the State of Connecticut. Following the accident, the plaintiff was transported to Day Kimball Hospital via ambulance. The plaintiff was treated at the defendant Hospital and released. The plaintiff has filed suit based upon this treatment, specifically alleging a failure to diagnose fractured vertebrae.

In the Complaint, the plaintiff alleges counts of negligence and lack of informed consent against co-defendants Dr. Millard and Dr. Nelson. The same counts are set forth against this defendant, in addition to allegations of corporate and vicarious liability, as well as alleged violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA").

As jurisdictional grounds for the Complaint, the plaintiff alleges both diversity of citizenship and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Defendant Day Kimball Hospital filed its Answer on January 25, 2008, and has essentially denied all of the plaintiff's substantive allegations. In its Answer, this defendant raised lack of personal jurisdiction as a defense.

## II. STANDARD OF REVIEW

A plaintiff bears the burden of proving that personal jurisdiction may be properly exercised by a court over the defendant. *See* Women & Infants Hospital of Rhode Island v. Community Health Network of Connecticut, Inc., 394 F. Supp. 2d 488 (D.R.I. 2005). In determining whether the plaintiff has met this burden, the Court may employ one of several standards. *Id.*; *see also* Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138 (1st Cir. 1995). The trio of standards that may be employed includes the "prima facie" standard, the "preponderance" standard, and the "likelihood" standard. *See* Women & Infants Hospital of

Rhode Island, 394 F. Supp. 2d at 490 (citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671 (1st Cir. 1992)).

The most conventional of the above methods is the so-called "prima facie" method. Foster-Miller, Inc., 46 F.3d at 145. This standard "permits the district court 'to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.'" *Id.* (quoting Boit, 967 F.2d at 675). In attempting to make a prima facie showing, "the plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts." *Id.*

The second option available to the Court is the "preponderance method." This differs, in part, from the prima facie method in that it involves the Court embarking on a fact-finding mission, as opposed to simply collecting data. *Id.* This standard may be invoked when the Court "determines that in the circumstances of a particular case it is unfair to force an out-of-state defendant to incur the expense and burden of a trial on the merits in the local forum without first requiring more of the plaintiff than a *prima facie* showing of facts." Boit, 967 F.2d at 676. The First Circuit has indicated that this method must be used sparingly. Foster-Miller, Inc., 46 F.3d at 145.

The final option is the "likelihood" standard, which is most appropriate when the claim of jurisdiction is bound up with the claim on the merits. Foster-Miller, Inc., 46 F.3d at 146. In these instances, the Court would "steer a middle course by engaging in some differential fact finding, limited to probable outcomes as opposed to definitive findings of fact, thereby skirting potential preclusionary problems while at the same time enhancing the courts' ability to weed out unfounded claims of jurisdiction." *Id.*

## III. ARGUMENT

At issue in the case now before this Court are questions of both general and specific personal jurisdiction. The Court's exercise of personal jurisdiction "must be authorized by state statute and must comply with the Constitution." Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. Me. 2005). Rhode Island's "long-arm" statute, which is contained in Section 9-5-33 of the Rhode Island General Laws, "authorizes assertion of personal jurisdiction to the fullest extent permitted by the United States Constitution." Women & Infants Hospital of Rhode Island 394 F. Supp. 2d at 491; *see also* R.I. Gen. Laws § 9-5-33 (2008). Thus, only a constitutional inquiry as to the existence of general and specific jurisdiction remains.

The due process clause of the United States Constitution requires a twofold inquiry before an out-of-state defendant can be brought into the forum of another state. *See* Boit 967 F.2d at 679. The first inquiry is whether the defendant has purposely established "minimum contacts" with the forum, which would result in that defendant reasonably anticipating "being haled into that forum's court." U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. P.R. 1990) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1984)). Secondly, if such contacts exist, the exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

As will be explained more fully below, the plaintiff cannot demonstrate that Day Kimball Hospital has purposefully established the requisite minimum contacts which would justify this Court exercising either specific or general jurisdiction over the Hospital in this matter. Nonetheless, if the Court were to find that such contacts had been established, the

exercise of jurisdiction over this defendant would not comport with the above standard of "fair play and substantial justice." Id.

A. **Specific Personal Jurisdiction**

In order to establish specific personal jurisdiction, the plaintiff must produce evidence to "show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." Harlow, 432 F.3d at 60-61. In determining whether specific jurisdiction has been established, the Court first inquires "whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. N.H. 1999). Secondly, the Court must determine "whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws." Id. Finally, and only "if the proponent's case clears the first two hurdles," the Court analyzes the overall reasonableness of an exercise of personal jurisdiction. Id. In doing so, the Court considers a variety of factors that relate to the fairness of exercising jurisdiction, known as the "Gestalt factors." Id. The First Circuit has explained that the Gestalt factors should be considered in determining whether an exercise of either specific or general jurisdiction would be unreasonable. These factors will be addressed below in a separate section. See Harlow, 432 F.3d at 66-67.

The timing of the purported contacts properly must be considered in an inquiry into specific personal jurisdiction. In the First Circuit, the contacts to be considered with respect to specific jurisdiction "must generally be limited to those before and surrounding the accrual of the cause of action." Id. at 61. Limiting the contacts in this manner serves to ensure that the exercise of jurisdiction by a particular forum is foreseeable to a defendant. Id. at 61-62. This

concept is tied to both the relatedness and purposeful availment requirement of specific jurisdiction. *Id.* In the instant matter, the plaintiff's cause of action would have accrued on or about January 16, 2006, the date on which the plaintiff was involved in a motor vehicle accident and treated at Day Kimball Hospital.

### i. Relatedness

In determining specific jurisdiction, the "relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection." Harlow, 432 F.3d at 61. Further, in the First Circuit, courts have "steadfastly reject[ed] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. Mass. 1992). In determining whether the relatedness requirement is met, the Court should not look to the parties' relationship, but rather the content of the parties' interaction. *See* Phillips Exeter Academy, 196 F.3d at 290. It will not be sufficient for a plaintiff to simply demonstrate that the subject claim arose out of their relationship with the defendant. *Id.* Rather, "the action must directly arise out of the specific contacts between the defendant and the forum state." *Id.* (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. N.H. 1995)).

In the case now before this Court, the plaintiff has alleged that Day Kimball Hospital, through its agents or employees, was negligent in the care it provided to the plaintiff. The plaintiff also alleges violations of EMTALA on the part of the Hospital, in particular, relating to the transfer and screening of the plaintiff. All of these claims arise out of the plaintiff's treatment at the defendant Hospital on January 16, 2006.

As noted above, Day Kimball Hospital is located in Putman, Connecticut. The plaintiff presented at the Hospital on January 16, 2006, as the result of a motor vehicle accident in which he was involved. That accident occurred on Route 395 in Plainfield, Connecticut, approximately eighteen miles south of the Town of Putnam and defendant Day Kimball Hospital. The plaintiff was brought to the Hospital directly from the accident scene via ambulance. It is most likely that the plaintiff was brought by ambulance to the defendant Hospital due to the proximity of the Hospital to the accident scene and not due to any other contacts between the Hospital and the state of Rhode Island. *See* Phillips Exeter Academy, 196 F.3d at 290.

In fact, both the accident which caused the plaintiff's injuries and the treatment upon which he bases his claims all took place in Connecticut. The only connection to Rhode Island is the plaintiff's residence. As stated by the United States Court of Appeals for the First Circuit, "[j]urisdiction cannot be created by and does not travel with the plaintiff patient wherever she goes." Harlow, 432 F.3d at 63.[1]

In light of the above, it is clear that the plaintiff has not established the relatedness requirement of specific jurisdiction or established that Rhode Island would be the appropriate forum for this action. As will be discussed more fully below, this defendant does, in fact, have nominal contacts with the state of Rhode Island; however, for the purposes of an inquiry into specific jurisdiction, it is suffice to say that the plaintiff's claim does not "directly arise" out of any such nominal contacts. *See* Phillips Exeter Academy, 196 F.3d at 290. Simply stated, the plaintiff treated at Day Kimball Hospital not because the Hospital solicited him as a patient (or

[1] Notably in Harlow, the plaintiff, a resident of Maine, had actually been referred to a Massachusetts hospital by her Maine physician. Nonetheless the Court of Appeals found that the United States District Court for the District of Maine lacked personal jurisdiction over the Massachusetts hospital.

for that matter, any other Rhode Island resident) but, instead, only because the plaintiff was involved in a motor vehicle accident nearby the Hospital.

### ii. Purposeful Availment

The Due Process Clause requires a fair warning that a defendant's conduct may subject it to suit in a particular forum. With respect to specific jurisdiction, "this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp., 471 U.S. at 471-72, 105 S. Ct. at 2182, 85 L. Ed. 2d at 540-541 (internal citations omitted). In Harlow, the First Circuit Court of Appeals considered what constitutes "purposeful availment" in the context of a defendant hospital that renders care to an out-of-state plaintiff. The Court of Appeals considered that the analysis is necessarily different than the analysis that is conducted when the fact pattern involves a commercial defendant that has placed goods in the stream of commerce. The Court cited to the Ninth Circuit finding that "[i]n the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need." Harlow, 432 F.3d at 63 (quoting Wright v. Yackley, 459 F.2d 287, 289-90 (9th Cir. 1972)).

As previously indicated, the services provided by Day Kimball Hospital to the plaintiff were rendered in Connecticut. Therefore any alleged tortious conduct, or supposed EMTALA violations, would have necessarily taken place in the State of Connecticut. Further, the fact that the plaintiff claims to be suffering from the effects of the alleged negligence while residing in Rhode Island, is immaterial. *See id.*; *see also* N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 536 F. Supp. 2d 181 (D.R.I. 2008) (Holding that the First Circuit has declined to

find personal jurisdiction based on the in-forum effects of negligent acts that occurred elsewhere.)

There is insufficient evidence to establish that defendant Day Kimball Hospital has in any way purposefully directed any activities at the State of Rhode Island. In considering specific jurisdiction, this Court may consider a defendant's contacts with the forum state before and during the time surrounding the accrual of the cause of action. Harlow, 432 F.3d at 61. In January 2006, Day Kimball Hospital did not have any facilities located in the State of Rhode Island; and, notably, the defendant Hospital has never had any facilities in Rhode Island. The Hospital has not, and did not in 2006, solicit patients from Rhode Island.

In 2006, and prior thereto, the defendant Hospital did not advertise in Rhode Island. Nonetheless, by virtue of the Town of Putnam being located less than ten miles from the border of Rhode Island, Day Kimball Hospital has, since its inception more than one hundred years ago, been treating patients who are Rhode Island residents. This fact was evidenced in 2006, and is evidenced today, on Day Kimball Hospital's website.[2] In particular, the website states that the Hospital provides for the health care needs of northeastern Connecticut, as well as Rhode Island and Massachusetts.

There is a distinction here that should not be lost: the Hospital may provide treatment to Rhode Island residents due to its physical proximity to Rhode Island, **not** as the result of any "purposefully directed" advertisements or solicitations. Day Kimball Hospital has not purposefully directed activities at Rhode Island or its residents. As a result, this lawsuit could not conceivably have arisen from any such contacts. The plaintiff cannot demonstrate either the relatedness or the purposeful availment requirement of specific jurisdiction.

---

[2] The implications of this information being included on the hospital's website will be discussed more fully infra in connection with the issue of general jurisdiction.

## B. General Personal Jurisdiction

Although a defendant may not be subject to the specific personal jurisdiction of a court, that defendant may still be subject to that court's general personal jurisdiction. "General jurisdiction may exist 'when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" Harlow, 432 F.3d at 64 (quoting United Elec., Radio & Mach. Workers, 960 F.2d at 1088). The standard applied to evaluate contacts for purposes of a general jurisdiction inquiry is "considerably more stringent" than that applied in an inquiry focusing on specific jurisdiction. Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. N.H. 1984). In addition, the timing of the contacts which may be considered with respect to general jurisdiction differs from those considered in connection with specific jurisdiction. According to the First Circuit, "[i]t is settled law that unrelated contacts which occurred after the cause of action arose, but before the suit was filed, may be considered for purposes of the general jurisdiction inquiry." Harlow, 432 F.3d at 64. Even in considering these additional contacts, the plaintiff cannot establish that this Court possesses general jurisdiction over Day Kimball Hospital in the matter at hand.

As detailed above, Day Kimball Hospital is a Connecticut hospital with no facilities in the State of Rhode Island. The Hospital does not, and never has, actively solicited patients in Rhode Island. Further, it does not purposefully avail itself of the privilege of conducting business in Rhode Island. Day Kimball Hospital provides no medical services in Rhode Island.[3] Rather, by virtue of its location, the hospital passively accepts Rhode Island residents as patients. The Court of Appeals for the First Circuit has held that a hospital treating patients from the

[3] Of note is the fact that Day Kimball Hospital has a visiting nurses association, which does not offer services in Rhode Island. The nurses provide services and travel only within Connecticut.

forum state, "even on a regular basis, is not the same as engaging in continuous and systematic activity in [the forum state]". Harlow, 432 F.3d at 66. Further, in Harlow the Court of Appeals held that even though the defendant hospital derived income from the residents of the forum state, sometimes in the form of Medicaid payments from that state, this did not constitute "continuous and systematic activity." *Id.*

The Hospital does not actively advertise in Rhode Island. In fact, it appears that the only instances in which advertisements for Day Kimball Hospital were circulated in Rhode Island occurred as a result of advertisements run in the Putnam Town Crier, a Connecticut paper. Specifically, it appears that since October of 2007 the Putnam Town Crier has been available in Chepachet, Rhode Island.[4] Notably the advertisements, which run approximately once a month, do not solicit Rhode Islanders as patients but rather pertain almost exclusively to lecture series taking place at the Hospital. Moreover, the First Circuit has held that advertising alone is not a sufficient basis for a court to assert personal jurisdiction over a defendant. *See* Harlow, 432 F.3d at 66 (quoting Glater, 744 F.2d at 217) ("[W]here 'defendant's only activities consist of advertising and employing salesmen to solicit orders, we think that fairness will not permit a state to assume jurisdiction.'") Further, with respect to Day Kimball Hospital's website, it is reiterated that the reference to the Hospital's providing for the healthcare needs of nearby Rhode Island residents is simply a statement of fact and not, in any way, an affirmative action on the part of the Hospital. There is no actice advertisement or solicitation of Rhode Island residents. *See* Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d 1113, 1123 (R.I. 2003) (Citing various First Circuit federal court decisions, the Rhode Island Supreme Court held that a law firm's website that proclaimed its ability to represent clients in all domestic courts did not

[4] This date is subsequent to the date giving rise to plaintiff's cause of action, namely January 16, 2006, and therefore these advertisements were not discussed in the context of specific jurisdiction.

constitute direct solicitation of potential Rhode Island clients for purposes of establishing general jurisdiction.)

In light of the above, it is clear that the plaintiff cannot demonstrate that Day Kimball Hospital has engaged in continuous and systematic activity in Rhode Island. Thus, the general personal jurisdiction of the Court over this defendant has not been established.

### C. Gestalt Factors

When a plaintiff has failed to establish personal jurisdiction, as this defendant contends he has failed to do in the instant matter, the Court need not address the Gestalt factors. *See e.g.* N. Am. Catholic Educ. Programming Found., 536 F. Supp. 2d 181; *see also* Cent. Tools, Inc. v. Chi. Brand Indus., 2004 U.S. Dist. LEXIS 27062 (D.R.I. Apr. 28, 2004). In the event that the Court does find that either general or specific personal jurisdiction over this defendant has been established, the Gestalt factors are addressed herein.

In order to determine whether a court's exercise of jurisdiction over a defendant is reasonable, the following five factors are often considered:

> "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." Foster-Miller, Inc., 46 F.3d at 150.

In this instant, the plaintiff's cause of action accrued in the State of Connecticut. Likely, much of the evidence and many of the witnesses will be located in the State of Connecticut. All of the co-defendant physicians are residents of Connecticut. Though admittedly the distance between Connecticut and Rhode Island is not vast, the weakness of the plaintiff's claim of jurisdiction must tip the scale in favor of a finding of unreasonableness with respect to the first Gestalt factor.

*See* Harlow, 432 F.3d at 67 (The reasonableness inquiry evokes a sliding scale and therefore the weaker the plaintiff's showing of jurisdiction, the less a defendant needs to demonstrate unreasonableness.)

The Court of Appeals for the First Circuit has held that "a court pondering the second factor must mull 'the forum state's interest in adjudicating the dispute.'" Foster-Miller, Inc., 46 F.3d at 151 (quoting United Elec., Radio & Mach. Workers, 960 F.2d at 1088). Thus the pertinent inquiry centers on the extent that Rhode Island has an interest in the subject litigation. *Id.* Citing to these standards the Court of Appeals in Harlow found that the forum state, where the plaintiff-patient resided, had only a slight interest, in comparison to the state where the hospital was located and the negligence was alleged to have occurred. *See* Harlow, 432 F.3d at 67. The Court explained that a forum state has an interest in obtaining jurisdiction over one who causes tortious injuries in the state; however, the interest is diminished when the alleged conduct occurred outside of the state. *Id.* This is analogous to the situation at hand. The alleged tortious conduct occurred exclusively in Connecticut.

With respect to the third Gestalt factor, the plaintiff will undoubtedly claim that adjudication in Rhode Island would provide him with the most convenient relief. Nonetheless, adjudication in Rhode Island would not offer the most effective relief for either the plaintiff or the judicial system as required by the third and fourth Gestalt factors. Courts in Rhode Island follow an "interest-weighing" approach in determining choice of law issues. Cribb v. Augustyn, 696 A.2d 285 (R.I. 1997) "In so doing, [courts] look at the particular case facts and determine therefrom the rights and liabilities of the parties 'in accordance with the law of the state that bears the most significant relationship to the event and the parties.'" *Id.* at 288 (quoting Pardey v. Boulevard Billiard Club, 518 A.2d 1349, 1351 (R.I. 1986)). In the matter now before the Court,

the State of Connecticut clearly bears the most significant relationship to the parties and the events that gave rise to this litigation. It is undisputed that Day Kimball Hospital is located in Connecticut, that all of the co-defendant physicians reside in Connecticut, and that the accident and treatment giving rise to the plaintiff's claim occurred in the State of Connecticut. The only connection to Rhode Island is the fact that the plaintiff resides there. As Connecticut law will most likely be applied to the instant matter, relief would be most efficiently provided in that forum. Further, under EMTALA, the amount of damages and the type of equitable relief available to a plaintiff is determined under the law of the state in which the hospital is located. See 42 U.S.C. § 1395dd(d)(2)(A).

The final Gestalt factor considers the common interest of all sovereigns in promoting substantive social policies. The Court of Appeals in Harlow explained that "[a]ll sovereigns share an interest in promoting the social policy of having quality health care available to those who need it." Harlow, 432 F.3d at 68. The Court went on to find that the state, in which the defendant hospital was located, had a greater interest than the state where the plaintiff-patient resided. Id. The Court based this conclusion on the fact that the state where the hospital was located had a shorter statute of limitations and therefore that state had an interest in seeing that limit enforced. Id. While the statute of limitations is not an issue in the instant matter, this defendant submits that the common interest in promoting social polices weighs in favor of Connecticut, which has an interest in promoting quality health care within its borders. Further, as stated above, the weakness of the plaintiff's showing of jurisdiction should be considered in determining whether jurisdiction would be unreasonable under the Gestalt factors. See Harlow, 432 F.3d at 67. This defendant submits that in light of the Gestalt factors, and the above

considerations given to each, this Court's exercise of jurisdiction over this defendant would be unreasonable.

## IV. CONCLUSION

The plaintiff, in the matter at hand, cannot establish that this Court has either specific or general personal jurisdiction over Day Kimball Hospital. Assuming *in arguendo* that such jurisdiction could be established, the Court's exercise of jurisdiction over this defendant would be unreasonable under the Gestalt factors. Accordingly, for the reasons set forth herein, defendant Day Kimball Hospital respectfully requests that this Court grant this motion and enter an Order dismissing the plaintiff's Complaint.

Defendant, Day Kimball Hospital
By its attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**CERTIFICATION**

I hereby certify that on this 29th day of April, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing.

Amato A. DeLuca
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Miriam Weizenbaum
Deluca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Christy B. Durant, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Michael G. Sarli, Esquire
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Jay M. Elias