**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D., *et al.*** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER OF DISMISSAL**

## INTRODUCTION

This is an EMTALA[1] and medical negligence action involving a Rhode Island plaintiff, Robert Macamaux, defendant physicians from Connecticut (Dr. Nelson) and Massachusetts (Dr. Millard), and a defendant hospital in Connecticut (Day Kimbell Hospital). Mr. Macamaux claims that he suffered severe and permanent spinal-cord injuries as a proximate result of defendants' violations of EMTALA and their negligent failure to diagnose and to treat him for fractured vertebrae.

Now before the Court is plaintiff's motion for an order granting him relief from a final judgment dated May 20, 2008 (copy attached as Exhibit A), and an order of dismissal for lack of personal jurisdiction over defendants dated May 21, 2008 (copy attached as Exhibit B). The Court ought to vacate the judgment and dismissal order pursuant to FED. R. CIV. P. 60(b) for either one of two reasons. First, the judgment and dismissal—based on the determination that the Court did not have personal jurisdiction over the defendants—appear to have been mistakenly entered, prematurely, nearly one month before the close of a period of Court-ordered discovery "on the issue of personal jurisdiction." *See,* Discovery Order (copy attached as Exhibit C). In sum, the Court allowed plaintiff time to undertake discovery on the jurisdictional issue to enable him to respond to defendants' motions to

[1] Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd et seq. ("EMTALA").

dismiss, but then—inconsistent with the discovery order—mistakenly or inadvertently granted defendants' dismissal motions before the expiration of the allowed discovery period. As a result, in spite of being granted an opportunity to do so, plaintiff was not permitted to complete discovery and submit an opposition to defendants' dismissal motions before the Court made its no-personal-jurisdiction decision. The clearly premature dismissal of the action in the midst of the discovery period that the Court granted to plaintiff presents an exceptional circumstance which plainly justifies a grant of extraordinary relief from the judgment and dismissal order.

Alternatively, the Court ought to vacate the dismissal order and judgment under Rule 60(b)(6) so that, in furtherance of the interests of justice, the case may be transferred in lieu of dismissal to the federal district court in Connecticut pursuant to 28 U.S.C. § 1406 (authorizing transfer to proper jurisdiction).

## FACTS AND TRAVEL

On January 16, 2006, Robert Macamaux presented to Day Kimball Hospital Emergency Department, having been involved in a motor vehicle accident. He was fifty-five years old and the owner of an interior decorating business in Westerly, Rhode Island. X-rays of his spine were ordered by defendant emergency physician Jack Millard, M.D. and interpreted by defendant radiologist Roger Nelson, M.D. Although Mr. Macamaux had fractured his neck, his injury was not diagnosed with the imaging that was ordered. He was discharged with a fracture at C6-C7 and C7-T1 that had not yet been displaced by movement.

On January 19, 2006, Mr. Macamaux experienced severe pain, swelling of his throat and numbness down both arms. He was treated emergently at Landmark Medical Center and then transferred to Rhode Island Hospital, where fractures and dislocation of vertebrae were diagnosed. At this point, he had developed spinal cord injury. He underwent surgery

and then was discharged to the Rehabilitation Hospital of Rhode Island. He underwent rehabilitation for two months. Notwithstanding some progress, Mr. Macamaux was unable to return to work and lost his business.

On April 15, 2006, the parties appeared before the Court for a Rule 16 (initial scheduling) conference. At that time, one defendant, Roger Nelson, M.D., was seeking dismissal for lack of personal jurisdiction. At the conference, counsel for defendants Dr. Millard and Day Kimbell Hospital informed that they too intended to seek dismissal for lack of personal jurisdiction. To enable a meaningful response to defendants' dismissal motions, plaintiff's counsel requested discovery on the issue of personal jurisdiction, which the Court allowed. Thus, the Court entered an order after the Rule 16 conference, which provided "that discovery shall close on the issue of personal jurisdiction on or before June 16, 2008." *See,* Discovery Order; Exhibit C. The order further provided that defendants Dr. Millard and Day Kimball Hospital "shall either join the pending Motion to Dismiss or file Motions to Dismiss for lack of jurisdiction on or before April 30, 2008." *Id.*

Significantly, the order did not establish a date for plaintiff to file his opposition to the dismissal motions. Based, however, on discussions during the Rule 16 conference and the fact that the Court granted plaintiff's request for discovery on jurisdiction, plaintiff's counsel reasonably believed that the opposition would not be due before completion of the allowed discovery period. Indeed, enabling plaintiff to gather evidence to support his opposition to the dismissal motions was the reason that discovery was allowed in the first place. Plaintiff's counsel also understood based on discussions during the Rule 16 conference that if the Court determined that it did not have personal jurisdiction over defendants, it would transfer the action to the district court in Connecticut.

In accordance with the order entered following the Rule 16 conference, plaintiff propounded discovery on the issue of personal jurisdiction. On May 20 and 21, 2008—

during the allowed discovery period on the issue of personal jurisdiction, but before defendant responded to the plaintiff's discovery—the Court, without hearing, granted defendants' motions to dismiss and entered an order and judgment for defendants.

## ARGUMENT

### I. The Court ought to vacate the judgment and dismissal order pursuant to FED. R. CIV. P. 60(b)(1) because they were prematurely and mistakenly entered nearly one month before the close of a period of Court-ordered discovery "on the issue of personal jurisdiction."

FED. R. CIV. P. 60(b)(1) permits relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." While "extraordinary in nature" and thus "granted sparingly," relief under Rule 60(b) is appropriate where the moving party shows that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to opposing parties. *See, e.g., Caisse v. DuBois,* 346 F.3d 213, 215 (1st Cir. 2003). Relief under Rule 60(b) is plainly warranted here.

First, as the within motion is made, as required by Rule 60(b), within a reasonable time, and well before one year after the entry of the dismissal order and judgment, it is clearly timely.

Second, as the dismissal order and judgment were entered during the discovery period that the Court extended to the plaintiff to enable him to establish an evidentiary basis for an opposition to the defendants' motions to dismiss, the judgment clearly was entered prematurely, most probably as the result of an oversight of the Court-allowed discovery period. Inasmuch as the discovery order expressly permitted plaintiff to conduct discovery "on the issue of personal jurisdiction," until June 16, 2008, plaintiff had no reason to believe that the Court would consider and resolve the issue (as it did on May 20, 2008) by a dismissal order, without notice or hearing, *before* plaintiff had an opportunity to complete discovery

within the time allowed, and, based thereon, to submit an opposition to defendants' jurisdiction-based motions to dismiss.

Significantly, the Court's dismissal order entered before defendant had even responded to the jurisdictional discovery propounded by plaintiff. Given the fact that these critical discovery responses had not yet been received by plaintiff, together with the fact that the time allowed for discovery on the jurisdictional issue had not yet expired, the jurisdictional issue was plainly decided prematurely and mistakenly without opposition from plaintiff. The entry of the dismissal order and judgment as a result of the mistaken oversight of the expressly permitted discovery period clearly presents "exceptional circumstances justify granting extraordinary relief" under Rule 60(b).

Finally, Rule 60(b) relief is warranted because vacating the dismissal order and judgment "will not cause *unfair* prejudice to opposing parties." Indeed, the entry of the dismissal order and judgment before defendant responded to plaintiff's discovery request, and without hearing or opposition by the plaintiff, was effectively an unanticipated windfall for defendants. The loss of that windfall by a vacating the judgment and dismissal order would not unfairly prejudice defendants, but would simply return the jurisdictional issue to the Court for consideration on the merits.

Because, as the foregoing shows, the within motion is (a) timely, and demonstrates (b) that there are exceptional circumstances here which justify granting extraordinary relief, (c) that no unfair prejudice to opposing parties will result therefrom, and (d) that plaintiff's action has merit, the Court ought to exercise its discretion under Rule 60(b)(1) to grant the within motion and vacate the dismissal order and resulting judgment.

## II. Alternatively, the Court ought to vacate the dismissal order and judgment under Rule 60(b)(6) so that, in furtherance of the interests of justice, the case may be transferred to the federal district court in Connecticut pursuant to 28 U.S.C. § 1406.

Based on discussions at the Rule 16 conference, plaintiff's counsel understood that if the Court determined it did not have personal jurisdiction over defendants, the Court would order the action to be transferred in lieu of dismissal to the United States District Court for the District of Connecticut. Plainly, the Court has the authority to do so pursuant to 28 U.S.C. § 1406 (authorizing transfer to proper jurisdiction); *see, e.g., Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67, 82 S. Ct. 913, 916 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] * * * whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Martin v. Stokes,* 623 F.2d 469, 474 (6th Cir. 1980)(Section 1406(a) "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction.").

Plaintiff timely filed meritorious claims against defendants for permanent spinal cord injuries resulting from defendants' violations of EMTALA and medical negligence. Because, however, these claims would be terminated—owing to the expiration of the 2-year limitations period in Connecticut—without a hearing on the merits unless *transferred* to the District Court for the District of Connecticut, rather than *dismissed*, plaintiff submits that the interests of justice can only be furthered in this matter (as the Court implicitly recognized during the Rule 16 conference) by vacating the judgment and dismissal order under Rule 60(b)(6) and ordering the case to be transferred in lieu of dismissal to the federal district court in Connecticut pursuant to 28 U.S.C. § 1406.

## CONCLUSION

For the foregoing reasons, the Court ought to exercise its discretion under Rule 60(b) to grant the within motion and vacate the dismissal order and resulting judgment.

Plaintiff,
By his Attorneys,

/s/ Miriam Weizenbaum

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D.;** | : | |
| **ROGER NELSON, M.D.;** | : | |
| **DAY KIMBALL HOSPITAL** | : | |
| **JOHN and JANE DOE, M.D. , ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following document:

*PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 60(B) MOTION FOR RELIEF*

was electronically filed and served upon all counsel of record in compliance with the Fed. R. Civ. P., on this 19TH day of August 2008.

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
One Financial Plaza
Suite 1600
Providence, RI 02903

Attorney Christy Durant
Tate + Latham
321 South Main Street
Providence, RI 02903

Michael Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Plaza, Suite 9
Providence, RI 02903

/s/ Miriam Weizenbaum