UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

VS. C.A. NO. 07-485ML

JACK MILLARD, M.D.,
ROGER NELSON, MD.,
DAY KIMBALL HOSPITAL,
JOHN and JANE DOE, M.D., alias,
JOHN DOE CORPORATION, alias

**DEFENDANT, ROGER NELSON, M.D.'S OBJECTION TO PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER OF DISMISSAL**

The Defendant, Roger Nelson, MD hereby objects to the Plaintiff's Rule 60(b) Motion for Relief from Final Judgment and Order of Dismissal. In support hereof, the Defendant relies upon his memorandum of law filed herewith.

WHEREFORE, the Defendant, Roger Nelson, MD respectfully requests that this Court deny the Plaintiff's motion.

Defendant, ROGER NELSON, M.D.,
By his attorneys,

/s/ Michael G. Sarli

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
mgs@gsm-law.com

**CERTIFICATION**

This document has been filed electronically, and it is available for viewing and downloading from the ECF system. I hereby certify that on the 27th day of August, 2008, a true and accurate copy of the within was mailed first class, postage pre-paid to the counsel of record listed below:

Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DELUCA & WEIZENBAUM
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esq.
Tate Law Associates
321 South Main Street, Suite 300
Providence, RI 02903

Jay M. Elias, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Michael G. Sarli________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

VS. C.A. NO. 07-485ML

JACK MILLARD, M.D.,
ROGER NELSON, MD.,
DAY KIMBALL HOSPITAL,
JOHN and JANE DOE, M.D., alias,
JOHN DOE CORPORATION, alias

**DEFENDANT, ROGER NELSON, M.D.'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER OF DISMISSAL**

The Defendant, Roger Nelson, MD hereby objects to the Plaintiff's Rule 60(b) Motion for Relief from Final Judgment and Order of Dismissal. First, the Plaintiff is not entitled to relief pursuant to Fed. R. Civ. P. 60(b) for alleged judicial mistake. Second, to the extent that Fed. R. Civ. P. 60(b) is available to the Plaintiff, the motion was not made within a reasonable amount of time from the entry of Judgment, nor has the Plaintiff set forth a sufficient basis setting forth the reason for his delay. Third, for the same reasons that Fed. R. Civ. P. 60(b) is not available to the Plaintiff, and the Plaintiff did not make his motion within a reasonable amount of time, the Plaintiff is not entitled to a transfer of this action to the Federal District of Connecticut. Fed. R. Civ. P. 60(b) is not the appropriate vehicle for the Plaintiff to obtain the relief he seeks. However, even if Fed. R. Civ. P. 60(b) were the appropriate vehicle to afford the relief that the Plaintiff seeks, the Plaintiff's motion is untimely and insufficient. Accordingly, the Plaintiff's motion should be denied in all respects.

## I. FACTS

The Plaintiff, a resident of Rhode Island, brought this suit against Dr. Nelson, Jack Millard, MD, and Day Kimball Hospital, alleging injuries sustained as the result of medical

negligence and a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA") at Day Kimball Hospital on January 16, 2008. Day Kimball Hospital is located in Pomfret, Connecticut, and all treatment occurred in Connecticut. Neither Dr. Nelson nor Dr. Millard practice medicine in Rhode Island.

The Plaintiff filed suit on December 31, 2007. On or about April 4, 2008 Dr. Nelson moved to dismiss the Plaintiff's Complaint for lack of personal jurisdiction. At a Rule 16 conference on April 15, 2008, counsel for Dr. Millard and Day Kimball Hospital stated that they too intended to file motions to dismiss for lack of personal jurisdiction. As a result of that conference, this Court entered an Order stating that discovery shall close on the issue of personal jurisdiction on or before June 16, 2008, and that Dr. Millard and Day Kimball Hospital shall either join Dr. Nelson's pending motion to dismiss or file their own respective motions on or before April 30, 2008.[1] Despite Plaintiff's counsel's understandings and beliefs concerning that Order and the conference itself, no order was entered altering the time within which the Plaintiff must respond to the motions to dismiss, nor was any order entered, nor did the Court orally indicate, that it would transfer the case to Connecticut in the event that the case was dismissed in this Court. Indeed, the Plaintiff himself never sought to clarify the April 15, 2008 Order or otherwise move to establish a deadline for objecting to the motions to dismiss, nor did the Plaintiff ever seek a transfer to the Federal District of Connecticut in any manner.

[1] The April 15, 2008 Order is attached to the Plaintiff's supporting memorandum and is not re-submitted here.

On May 13, 2008, approximately one month after this Court's April 15, 2008 conference and Order, the Plaintiff propounded interrogatories to Day Kimball Hospital. The interrogatories sought information concerning the personal jurisdiction issue and were specific to Day Kimball Hospital's contacts with the State of Rhode Island. The Plaintiff did not propound any discovery to Dr. Nelson or Dr. Millard.

On May 20, 2008 and May 21, 2008 this Court entered a Memorandum and Order dismissing the Plaintiff's Complaint against the Defendants for lack of personal jurisdiction, and entered judgment in favor of the Defendants against the Plaintiff.[2]

Three months after the entry of Judgment for the Defendants, the Plaintiff filed the instant motion seeking to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b)(1) on the ground that the Court "prematurely and mistakenly" dismissed the case and entered judgment prior to the close of the discovery period for the issue of personal jurisdiction. Tellingly, the Plaintiff cites no authority permitting the type of relief he seeks under Fed. R. Civ. P. 60(b)(1), nor does the Plaintiff set forth any justification whatsoever for waiting three months to seek relief from the Judgment, or for failing to timely file a notice of appeal. Essentially, the Plaintiff shifts the blame and argues that the Court erred in entering the Judgment, yet fails to explain why he waited so long to seek relief from that Judgment. The Plaintiff's motion ought to be denied.

## II. ARGUMENT

The Plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b)(1). That Rule provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1)

[2] The Memorandum and Order and Judgment are attached to the Plaintiff's supporting memorandum and are not re-submitted here.

mistake, inadvertence, surprise, or excusable neglect[.]" Id. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The motion does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2).

**A. Fed. R. Civ. P. 60(b) is unavailable to the Plaintiff for the relief he seeks, and thus his motion should be denied**

The Plaintiff alleges that this Court mistakenly or inadvertently dismissed his case and entered judgment against him prior to the time set for the conclusion of discovery into the personal jurisdiction issue. The First Circuit does not permit a party to obtain relief under Fed. R. Civ. P. 60(b) due to an erroneous legal result, but instead must make the motion for relief within ten days under Fed. R. Civ. P. 59(e). See Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1513-14 (1st Cir. 1991); Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971).

It is likewise for this reason that this court should not transfer the case to the Federal District of Connecticut pursuant to Fed. R. Civ. P. 60(b). Essentially, the Plaintiff argues that in dismissing this case, this Court erred by not transferring the case to the Federal District of Connecticut. Fed. R. Civ. P. 60(b) does not permit relief from an erroneous legal result, and accordingly the Plaintiff's alternative request to transfer should be denied.

**B. Even if Fed. R. Civ. P. 60(b) is an appropriate vehicle to obtain the relief the Plaintiff seeks, the Plaintiff does not satisfy the requirements necessary to obtain relief and the motion must be denied**

Even assuming that the Plaintiff may utilize Fed. R. Civ. P. 60(b) to obtain the relief he seeks, his motion must be denied because he has not made a sufficient showing that he is

entitled to relief. Specifically, the Plaintiff did not make his motion for relief within a reasonable amount of time under the Rule, and the Plaintiff has not set forth any facts explaining his delay in seeking relief.

"Relief under Rule 60(b) is 'extraordinary in nature' and is therefore 'granted sparingly." Caisse v. Dubois, 346 F.3d 213, 215 (1st Cir. 2003).

> To succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party. In addition, the movant must show that granting the motion will not be an empty exercise by demonstrating that the underlying claim for relief is likely to succeed on the merits.

Id. (citations omitted).

**1. The Plaintiff's Rule 60(b) motion is not timely**

**a. To the extent that the Plaintiff may have been entitled to utilize Rule 60(b) to seek relief on the ground that the Court committed error, the Plaintiff's motion must have been made within the time period for filing an appeal**

The Plaintiff did not make his motion in a timely manner. Judgment entered in this case on May 20, 2008. The Plaintiff did not move to vacate the judgment until August 19, 2008, three months later. "We have held, in accord with other courts and leading commentators, that if [arguments averring that an error of law was made] are cognizable under Rule 60(b) the 'reasonable time' for doing so is the time allowed for an appeal[.]" Limerick v. Greenwald, 749 F.2d 97, 99 (1st Cir. 1984). "Rule 60(b) cannot be used as a substitute for a timely appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure." Tiller v. Baghdady, 294 F.3d 277, 281 (1st Cir. 2002). The time allowed for an appeal in this matter is thirty days. F.R.A.P. 4(a)(1)(A).

Other jurisdictions that have considered this issue have held that a motion for relief under Fed. R. Civ. P. 60(b) based upon alleged judicial error must be made within the time allowed for an appeal so as not to use Fed. R. Civ. P. 60(b) as a means to circumvent the time periods for taking appeals. "Rule 60(b) cannot be used as a substitute for a timely appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure." Tiller v. Baghdady, 294 F.3d 277, 281 (1st Cir. 2002). "To prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980). See also Colella v. Heckler, 604 F.Supp. 593 (E.D. Pa. 1985); Rumsey v. New York Dept. of Correctional Services, 580 F.Supp. 1052 (N.D.N.Y. 1984); Steinhoff v. Harris, 698 F.2d 270 (6th Cir. 1983).

> Assuming without deciding that the mistakes alleged were the result of 'judicial inadvertence,' the District Court nevertheless should not have considered [the plaintiff's] motion for Rule 60(b) relief because such relief was not timely sought, notwithstanding that the motion was made within the one year specified by the Rule. A 60(b) motion also must be brought within a 'reasonable time' and, to prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal, that is, thirty days from the entry of judgment. This certainly makes sense in this case, as in other cases alleging mistakes by the court, where all relevant facts evidencing the court's errors were known as soon as the orders were entered.

Lowry v. McDonnell Douglas Corporation, 211 F.3d 457, 460-61 (8th Cir. 2000) (citations omitted) (emphasis added).

Similarly, in the instant matter, the Plaintiff makes no allegation that he did not timely receive this Court's order dismissing the case or the Judgment entered against him, and thus was well aware of the entry of Judgment against him, at the latest, on May 21, 2008. The Plaintiff should have appealed that Judgment, or, at the very least, moved for relief from that

Judgment under Fed. R. Civ. P. 60(b) by no later than June 21, 2008. However, the Plaintiff inexplicably waited for three months to seek relief, despite having full knowledge of the status of his case.

In CSU, LLC v. Xerox Corp., 202 F.R.D. 275 (D. Kan. 2001), CSU filed an action against Xerox alleging antitrust violations, and Xerox filed counterclaims alleging patent, copyright, and trademark infringements. Id. at 277. After several proceedings and settlements occurred, the parties reached an agreement in principle to settle any outstanding claims. Id. Accordingly, the Court entered an order directing the parties to file a stipulation of dismissal by April 16, 2001, and if the stipulation had not been filed by that date, or if the parties did not move to reopen the proceedings to obtain a final determination of the proceedings by that date, the order would constitute a final judgment of dismissal with prejudice. Id. at 278. The parties did not file the dismissal stipulation, nor did they ask the Court to reopen the case. Id. Two months after the judgment had entered due to the Court's order, Xerox moved to vacate the judgment under Fed. R. Civ. P. 60(b). Id. One of the grounds of the motion was that the Court made a "substantive mistake of fact" in the order because Xerox had not confirmed that it had settled the case. Id.

The Court determined that Xerox's Rule 60(b) motion was untimely because it was not filed within the time required for filing a notice of appeal. Id. "A Rule 60(b) motion . . . is not intended to be a substitute for a direct appeal. . . Moreover, a Rule 60(b)(1) motion cannot be used to challenge a substantive ruling of the Court unless it is filed within the time frame required for filing a notice of appeal." Id. (citations omitted). The Court rejected Xerox's argument that this timeliness rule applied only to mistakes of law, and not mistakes of fact. "[T]he Court finds that claims of judicial mistake (both of law and of fact) cannot be raised in a

Rule 60(b)(1) motion unless such motion is filed by the deadline for filing a notice of appeal." Id. at 279.

**b. The Plaintiff has not set forth any facts demonstrating that his motion for relief was made within a reasonable amount of time, nor is he able to make such a showing**

Alternatively, despite the fact that the Plaintiff's Rule 60(b) motion is untimely as an inappropriate appeal substitute, the Plaintiff has not set forth any facts demonstrating that his motion for relief was made within a reasonable amount of time. To the contrary, the Plaintiff is unable to justify his delay in seeking relief, and accordingly his motion should be denied.

In CSU, LLC, *supra*, the Court determined that Xeorox's delay in seeking relief under Rule 60(b) was inexcusable. "[C]ounsel's failure to read and follow the plain terms of a court order does not justify a two month delay in responding to the order." CSU, LLC, 202 F.R.D. at 282. "At a minimum, in-house counsel for Xerox knew the status of ongoing settlement negotiations and easily could have discovered the alleged 'mistake of fact' by the most superficial review of the order which he admittedly received[.]" Id. at 283.

In the instant matter, the Plaintiff offers absolutely no explanation whatsoever for his failure to recognize that a final judgment had entered against him, and why it took three months to seek relief from that judgment. As the Plaintiff has not, and cannot, justify his unreasonable delay in seeking relief, this court should deny his Rule 60(b) motion as untimely.

**2. No exceptional circumstances are present to justify granting the extraordinary relief sought**

There are no exceptional circumstances present in the instant matter justifying relief. This case can best be characterized as the Plaintiff's failure to either read or appreciate both the Order and the Judgment clearly stating that his case is dismissed and Judgment has entered

against him. There is nothing exceptional about this fact, and, indeed, the Plaintiff's action in creating the present circumstances can only be characterized as inexcusable.

### 3. Granting the Plaintiff's motion will result in prejudice to Dr. Nelson

Should this Court grant the Plaintiff the relief he seeks, and vacate the judgment and/or transfer the case to Connecticut, Dr. Nelson will incur extreme prejudice. On May 21, 2008 this case was dismissed, and Judgment entered in favor of Dr. Nelson. By June 21, 2008, the Plaintiff took no action to appeal the Judgment, and thus his appellate rights were foreclosed. Dr. Nelson had no reason to believe or anticipate that the Plaintiff intended to continue this suit against him, especially in light of the fact that the Plaintiff propounded no discovery to Dr. Nelson on the personal jurisdiction issue. Now, two months after the Plaintiff's appellate rights had been foreclosed, and Dr. Nelson had every reason to believe that the Plaintiff's claims against him had long been extinguished, the Plaintiff seeks to vacate the judgment. Dr. Nelson will be extremely prejudiced in defending an action that had long been subject to a final judgment.

### 4. Granting the Plaintiff's Rule 60(b) motion as to Dr. Nelson would be futile

The Plaintiff has not demonstrated that his claim as to Dr. Nelson would likely succeed. Indeed, concerning the personal jurisdiction issue, the Plaintiff did not propound any discovery to Dr. Nelson, and thus would be unable to oppose Dr. Nelson's motion to dismiss. The only discovery that the Plaintiff propounded was to Day Kimball Hospital; however, that discovery was specific to the hospital and did not request any information concerning Dr. Nelson. As against Dr. Nelson, the Plaintiff's argument that this Court granted the motion to dismiss prior to the time set for conducting discovery as to the issue of personal jurisdiction must fail,

because the Plaintiff propounded no discovery to Dr. Nelson. Accordingly, the Plaintiff would have been unable to oppose Dr. Nelson's motion to dismiss.

### C. <u>The Plaintiff has set forth no grounds permitting this Court to transfer this action to the Federal District of Connecticut</u>

In the alternative, the Plaintiff seeks an order from this Court transferring this case to the Federal District of Connecticut. However, the Plaintiff has set forth no authority that would permit this Court to do so. For the reasons set forth above, the Plaintiff's motion for relief under Rule 60(b) must fail, and final judgment having entered, this Court is without authority to transfer the case to another district.

Again, the Plaintiff essentially argued that this Court erred in simply dismissing his action and not transferring it to the Federal District of Connecticut. This is an allegation of an error of law by the Court that may not properly be the subject of a Rule 60(b) motion; or, if cognizable by Rule 60(b), must be filed within the time period for an appeal. The Plaintiff could have avoided the situation he now finds himself in had he either filed this motion in a timely manner by June 21, 2008, or if he filed a notice of appeal. The Plaintiff did neither, and may not now seek relief inappropriately pursuant to Fed. R. Civ. P. 60(b) based upon his own neglect and unreasonable delay.

## III. <u>CONCLUSION</u>

For the reasons set forth above, the Plaintiff's motion should be denied.

Defendant, ROGER NELSON, M.D.,
By his attorneys,

/s/ Michael G. Sarli

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
mgs@gsm-law.com

**CERTIFICATION**

This document has been filed electronically, and it is available for viewing and downloading from the ECF system. I hereby certify that on the 27th day of August, 2008, a true and accurate copy of the within was mailed first class, postage pre-paid to the counsel of record listed below:

Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DELUCA & WEIZENBAUM
199 North Main Street
Providence, RI 02903

Alan R. Tate, Esq.
Tate Law Associates
321 South Main Street, Suite 300
Providence, RI 02903

Jay M. Elias, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Michael G. Sarli