**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX**<br>*Plaintiff* | : | |
| v. | : | **USDC No.. 07-485ML** |
| **JACK MILLARD, M D ,**<br>**ROGER NELSON, M.D.,**<br>**DAY KIMBALL HOSPITAL,**<br>**JOHN and JANE DOE, M.D., ALIAS,**<br>**JOHN DOE CORPORATION, ALIAS**<br>*Defendants* | : | |

**DEFENDANT DAY KIMBALL HOSPITAL'S OBJECTION TO PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER OF DISMISSAL**

Now comes defendant Day Kimball Hospital and hereby objects to Plaintiff's Rule 60(b) Motion for Relief from Final Judgment and Order of Dismissal This defendant submits the attached Memorandum of Law in support of this Objection

Defendant, Day Kimball Hospital
By its attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M Elias

Jay M Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401 331 3400 401 331 3440 [Fax]
E-Mail jelias@rbhelaw com

## CERTIFICATION

I hereby certify that on this 29th day of August, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing

Amato A DeLuca
DeLuca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

Miriam Weizenbaum
Deluca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

Alan R Tate, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Christy B Durant, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Michael G Sarli, Esquire
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Jay M Elias

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** *Plaintiff* | : | |
| **v.** | : | **USDC No · 07-485ML** |
| **JACK MILLARD, M.D., ROGER NELSON, M.D., DAY KIMBALL HOSPITAL, JOHN and JANE DOE, M.D., ALIAS, JOHN DOE CORPORATION, ALIAS** *Defendants* | : | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT DAY KIMBALL HOSPITAL'S OBJECTION**
**TO**
**PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF**
**FROM FINAL JUDGMENT AND ORDER OF DISMISSAL**

This Memorandum of Law is submitted in support of Defendant Day Kimball Hospital's Objection to Plaintiff's Rule 60(b) Motion for Relief from Final Judgment and Order of Dismissal

Defendant Day Kimball Hospital (hereinafter sometimes referred to as "this defendant" or the "Hospital") asserts that the plaintiff is not by law entitled to the relief sought in his motion The plaintiff cannot successfully delineate the grounds upon which to base an argument that he should be afforded relief from the Order of Dismissal and Judgment, which was entered in favor of the defendants

The Hospital further submits that the plaintiff failed to seek relief pursuant to Rule 60(b) in a reasonably timely manner In fact, almost three months passed from the time the Court entered a Memorandum and Order dismissing the plaintiff's Complaint to the time plaintiff filed his motion seeking relief

The Hospital further submits that because this matter was properly dismissed by this Court, this case cannot and should not now be transferred to the United States District Court for the District of Connecticut If the Court were to find, however, that the plaintiff is entitled to relief from the Judgment of dismissal, then this defendant submits this Court should exercise its discretion and deny the transfer

## I. FACTS AND TRAVEL

On December 31, 2007, plaintiff, Robert Macamaux, (hereinafter sometimes referred to as "the plaintiff") initiated the underlying lawsuit The occurrence which gave rise to this suit was a motor vehicle accident which occurred on January 16, 2006 in the State of Connecticut The plaintiff was transported via ambulance to defendant Day Kimball Hospital immediately following the accident The Hospital is located in Putnam, Connecticut The plaintiff was treated at the defendant Hospital and released

The plaintiff filed suit based upon his care and treatment at Day Kimball Hospital, specifically alleging a failure to diagnose a fractured vertebrae In particular, the plaintiff set forth counts of negligence and lack of informed consent against co-defendants Dr Jack Millard and Dr Roger Nelson The same counts were set forth against the defendant Hospital, in addition to allegations of corporate and vicarious liability and alleged violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA")

On April 15, 2008, counsel for the parties appeared before this Court for the purpose of conducting a Rule 16 conference Prior to that date, a motion to dismiss for lack of personal jurisdiction was filed by co-defendant Dr Nelson At the April 15 conference, counsel for the Hospital, along with counsel for co-defendant Dr Millard, advised the Court and plaintiff's

counsel of their intention to file motions to dismiss for lack of personal jurisdiction Although plaintiff states otherwise in his Memorandum in Support of his Motion for Relief, the Court did not indicate whether it would order the matter transferred to the United States District Court for the District of Connecticut should it ultimately determine that it did not have personal jurisdiction

Following that Rule 16 conference, a scheduling order was entered by the Court A copy of the Order (Document 23) is attached hereto as ***Exhibit A*** The Order provided that discovery on the sole issue of personal jurisdiction would close on or before June 16, 2008, with all other discovery suspended until further notice from the Court The Hospital and co-defendant Dr Millard were ordered to either join Dr Nelson's pending motion to dismiss, or file their own motions, by April 30, 2008 Of significance is the fact the Court's Order did not provide that the plaintiff would be afforded additional time within which to respond to any motions to dismiss

On April 28, 2008, co-defendant Dr Millard filed a motion to dismiss plaintiff's Complaint The following day, on April 29, 2008, the Hospital filed its own motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure The plaintiff never objected to the motions to dismiss

On May 13, 2008, approximately one month after the Rule 16 conference, plaintiff propounded a set of interrogatories upon the Hospital The plaintiff did not propound any discovery on either co-defendant at that time

On May 20, 2008, this Court entered a Memorandum and Order dismissing the plaintiff's Complaint for lack of personal jurisdiction over any of the named defendants A copy of the Memorandum and Order (Document 32) is attached hereto as ***Exhibit B*** The Court noted that the plaintiff had not responded to the motions to dismiss and that the time for doing so had

passed Based upon the memoranda submitted by the defendants, the Court found that the Complaint should be dismissed On that same day, the Court entered Judgment in favor of the named defendants A copy of the Judgment (Document 33) is attached hereto as ***Exhibit C***

Upon entry of the Order and the Judgment, and in the months immediately thereafter, the plaintiff failed to object or even respond to the Court's dismissal of the Complaint

On August 4, 2008, two and one-half months after the Court dismissed this matter, the defendant Hospital received correspondence from plaintiff's counsel dated August 1, 2008 with an attachment entitled *"Plaintiff's Motion to Compel Answers to Interrogatories from Defendant Day Kimball Hospital "* A copy of the correspondence and proposed motion are attached hereto as ***Exhibit D***

The Hospital responded to plaintiff's counsel in a correspondence dated August 6, 2008 and noted that no answers to interrogatories would be forthcoming in light of the fact that the case had been dismissed months earlier See ***Exhibit E*** attached hereto Soon thereafter, the plaintiff filed his Rule 60(b) Motion seeking relief, that motion was filed three months after the Court dismissed this action

## II. ARGUMENT

### A. The Plaintiff cannot establish the requirements necessary to succeed on a Rule 60(b) Motion for Relief

The plaintiff seeks relief from this Court's Order and Judgment of dismissal pursuant to Rule 60(b)(1) and 60(b)(6) Rule 60(b)(1) provides that relief may be granted as a result of "mistake, inadvertence, surprise or excusable neglect " Fed R Civ P 60(b)(1) The plaintiff argues that he is entitled to relief under this section because the Court "mistakenly or inadvertently" granted the defendants' motions to dismiss prior to the expiration of the personal

jurisdiction discovery period The plaintiff further argues that Rule 60(b)(6) is applicable, which authorizes the granting of relief "for any other reason that justifies relief" Fed R Civ P 60(b)(6) Specifically, the plaintiff argues that vacating the dismissal and transferring this action to the United States District Court for the District of Connecticut would further the interests of justice

The defendant Hospital submits that a District Court has broad discretion in deciding whether to grant or deny relief from judgment pursuant to Rule 60(b) See *e g* Moron-Barradas v Dep't of Educ , 488 F 3d 472 (1st Cir P R 2007), Hoult v Hoult, 57 F 3d 1 (1st Cir Mass 1995) The United States Court of Appeals for the First Circuit has nevertheless noted that "motions invoking [Rule 60(b)] should be granted sparingly" as they are "extraordinary in nature " Cintron-Lorenzo v Departamento de Asuntos del Consumidor, 312 F 3d 522, 527 (1st Cir 2002) (quoting Karak v Bursaw Oil Corp , 288 F 3d 15, 19 (1st Cir 2002)) In order to "succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party " Caisse v DuBois, 346 F 3d 213, 215 (1st Cir 2003) "In addition, the movant must show that granting the motion will not be an 'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits " Id (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No 59 v Superline Transp Co , 953 F 2d 17, 20 (1st Cir 1992))

The plaintiff contends that he has met the requirements identified above, however, he fails to offer any legal justification to support his contention Further, the plaintiff's factual justifications are truly insufficient and unconvincing Most notably, the plaintiff fails to offer an explanation, or even make mention, of the three month delay between this Court's Order and

Judgment of dismissal and his own motion for relief The plaintiff has failed to demonstrate in any manner that he is entitled to relief pursuant to Rule 60(b)

i. **Timeliness of the Motion**

In Ashford v Steuart, the Ninth Circuit Court of Appeals addressed a motion to reconsider based on relief from a judicial mistake under 60(b)(1) [1] See 657 F 2d 1053 (9th Cir 1981) The Court denied the motion determining that it was untimely The Court found that "[a]ccording to the rule, such motions must be brought within a 'reasonable time' and in any event not longer than one year after the judgment was entered " Id at 1055 The Court held that "[w]hat constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties " Id See also McEachern v Corrections, Maine Comm'n, 76 F 3d 370 (1st Cir Me 1996) (Employing the same standard, the First Circuit Court of Appeals determined that the plaintiff's delay was unreasonable, even though his motion was made within one year of judgment )

In Ashford, the Court found that the interest in finality should be given great weight, because the time for appeal had passed In the instant matter, the appeal period, as set forth in Rule 4 of the Federal Rules of Appellate Procedure, has expired The defendant Hospital had a genuine and reasonable expectation that this matter had been finalized Months have passed since the Court's dismissal of the case and there has been not one word from the plaintiff in the intervening time to even hint at the possibility that he would be objecting to the dismissal As

[1] The Court also briefly considered the plaintiff's motion as a request for relief under Rule 60(b)(6) and determined that denial under this subsection was also proper based upon the absence of exceptional circumstances The concept of "exceptional circumstances" will be discussed more fully infra and is therefore not addressed in this section

noted above, plaintiff chose not to object to the Hospital's motion to dismiss when it was initially filed

As noted by the Ninth Circuit Court of Appeals, it is significant that "[no] reason is suggested for the failure to timely challenge the ruling by direct appeal or 60(b) motion Nothing impeded appellant's awareness of the court's ruling and of all the relevant facts and law" Id This is the same situation as in the matter now before this Court

The plaintiff here does not claim that he did not receive notice of the Court's Order of Dismissal or Judgment, rather it would appear that perhaps the plaintiff simply let this matter "slip through the cracks" and was only reminded of the Court's dismissal of the case after receiving the Hospital's response to the correspondence concerning answers to interrogatories Of note is the fact that in the Ashford case cited above, the plaintiff was acting in a *pro se* capacity and may not have appreciated the significance of a dismissal by the Court, whereas here, plaintiff had the benefit of legal counsel

Although all of the facts pertaining to the dismissal, the Order and the Judgment entered by the Court were known to the parties in May 2008, nonetheless, absolutely no action was taken by the plaintiff until August 2008

**ii. Exceptional Circumstances**

The plaintiff now contends that the Court's "mistaken oversight" of the discovery period comprises an "exceptional circumstance" entitling him to relief In Cotto v United States, the First Circuit Court of Appeals found that the plaintiff had failed to demonstrate exceptional circumstances and upheld the District Court's denial of his Rule 60(b) motion See 993 F 2d 274 (1st Cir 1993) That decision was based, in part, on the plaintiff's "belated effort to set aside the

adverse judgment " Id at 278 The Court explained that "[i]n our adversary system of justice, each litigant remains under an abiding duty to take the legal steps that are necessary to protect his or her own interests " Id

In the matter before this Court, the plaintiff disregarded this duty It is evident that the plaintiff knew, or at the very least should have known, that this matter had been dismissed Notice of the dismissal was timely provided to the plaintiff If the plaintiff intended to object to the dismissal, then he had a duty to take all action necessary to protect his interests, and to do so in a timely manner This is a basic tenet of civil litigation Significantly, the plaintiff did not even follow-up on the status of the Hospital's answers to interrogatories until more than two months after they were in fact due and three months after the case had been dismissed

The Hospital submits that the facts before this Court serve only to evidence the fact that the plaintiff has not timely taken the requisite steps to preserve his legal rights, not that any exceptional circumstances were present Indeed, the plaintiff has utterly failed to demonstrate any exceptional circumstances to justify the relief sought

**iii. Unfair Prejudice**

Vacating the Judgment of dismissal would unquestionably cause unfair prejudice to the Hospital This case was dismissed approximately three months ago The appeals period expired two months ago The Hospital had every reasonable expectation that this matter had been disposed of and the plaintiff's claims against it extinguished As a result, the Hospital has ceased performing any of those tasks or actions it would customarily take in the early stages of litigation, such as conducting its own discovery, interviewing witnesses, gathering evidence, and

the like, in order to aggressively defend its own interests To reinstate this action, either in Rhode Island or upon transfer to Connecticut, would cause unfair prejudice to the Hospital

### iv. Likelihood of Success on the Merits

The plaintiff is unlikely to succeed on the merits of its opposition to the Hospital's motion to dismiss This issue has been extensively briefed in the Memorandum of Law supporting Day Kimball Hospital's Motion to Dismiss and therefore will not be restated here The plaintiff cannot establish that this defendant purposefully established the necessary minimum contacts to invoke either the Court's specific or general personal jurisdiction Further, the exercise of jurisdiction would not comport with the standards of fair play and justice This is due in part to the fact that the subject accident took place in the state of Connecticut, Day Kimball Hospital is located in Connecticut, co-defendant Dr Nelson is a resident of Connecticut and co-defendant Dr Millard is a resident of the Commonwealth of Massachusetts The <u>only</u> connection to the State of Rhode Island is that the plaintiff resides in this State Should the plaintiff be granted relief from the Judgment of dismissal, this defendant submits that he would again be unable to establish jurisdiction of the Court, resulting in a second dismissal There is no likelihood of success on the merits

### B. If the Court were to grant the plaintiff relief from the Judgment of dismissal, it should still deny the plaintiff's request for a transfer to the United States District Court for the District of Connecticut

For the reasons set forth above, this defendant contends that the plaintiff is not entitled to relief pursuant to his Rule 60(b) motion and therefore the Judgment of dismissal should stand This necessarily obviates the plaintiff's claim that the Court should transfer this case to the

United States District Court for the District of Connecticut If the Court should, however, disagree with this defendant and grant plaintiff the relief he seeks, this defendant submits that this matter should nevertheless not be transferred to Connecticut

The plaintiff argues that the Court should transfer this matter to Connecticut in lieu of dismissal pursuant to 28 U S C § 1406 The choice to dismiss or transfer a case pursuant to 28 U S C § 1406 "lies within the sound discretion of the district court" Quinn v Watson, 145 Fed Appx 799, 800 (4th Cir N C 2005), see also Cole v Disantis, 89 F 3d 823 (1st Cir Mass 1996) As indicated above, the plaintiff has not been diligent in prosecuting this case or in pursuing relief from the dismissal of this matter There is no reason to believe that a transfer to a different jurisdiction would cause the plaintiff to proceed dissimilarly This defendant submits that in the face of the plaintiff's pattern of delay and inaction, it would be appropriate for the Court to exercise its discretion and deny the plaintiff's request for a transfer to Connecticut

## III. CONCLUSION

Accordingly, for the reasons set forth herein, defendant Day Kimball Hospital respectfully requests that this Court deny the plaintiff's Motion for Relief

Defendant, Day Kimball Hospital
By its attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M Elias

Jay M Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401 331 3400 401 331 3440 [Fax]
E-Mail jelias@rbhelaw com

## CERTIFICATION

I hereby certify that on this 29th day of August, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing

Amato A DeLuca
DeLuca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

Miriam Weizenbaum
Deluca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

Alan R Tate, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Christy B Durant, Esquire
Tate Law Group
321 South Main Street
Suite 300
Providence, RI 02903

Michael G Sarli, Esquire
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Jay M Elias

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Robert Macamaux

**V.** **CA 07-485ML**

**Jack Millard, M.D., et al**

**ORDER**

**This matter was before the Court on a Rule 16 Conference on April 15, 2008 and it is hereby ordered that discovery shall close on the issue of personal jurisdiction on or before June 16, 2008.**

**Defendants, Jack Millard, M.D. and Day Kimball Hospital, shall either join the pending Motion to Dismiss or file Motions to Dismiss for lack of jurisdiction on or before April 30, 2008.**

**SO ORDERED:**

Mary M. Lisi

**Mary M. Lisi**
**Chief United States District Judge**
**April 15, 2008**

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

v CA 07-485 ML

JACK MILLARD, M D
ROGER NELSON, M D
DAY KIMBALL HOSPITAL,
JOHN and JANE DOE, M D , ALIAS
JOHN DOE CORPORATION, ALIAS

## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss filed by Defendant Day Kimball Hospital (Docket Entry #30), Defendant Jack Millard, M D (Docket Entry #29), and Defendant Roger Nelson, M D (Docket Entry #17) In each instance, Defendants move to dismiss the complaint pursuant to F R Civ P 12(b)(2) on the grounds that the respective Defendant is not subject to the personal jurisdiction of this Court Plaintiff has not responded to the motions, and the time for doing so has now passed The Court, therefore, treats the motions as unopposed Having reviewed the memoranda submitted in support of the motions, this Court finds that the complaint should be, and it is hereby, DISMISSED for lack of personal jurisdiction over the Defendants

SO ORDERED

Mary M. Lisi
Mary M Lisi
Chief United States District Judge
May 21 , 2008

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**ROBERT MACAMAUX**

**Vs.** **C.A. NO. 07-485ML**

**JACK MILLARD, M.D.**
**ROGER NELSON, M.D.**
**DAY KIMBALL HOSPITAL**

## JUDGMENT

[ ] Jury Verdict. This action came before the Court for a trial by jury The issues have been tried and the jury has rendered its verdict.

[x ] Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED:

**Judgment shall enter for the defendants, Jack Millard, M.D., Roger Nelson, M.D. and Day Kimball Hospital, against the plaintiff, Robert Macamaux, pursuant to the Memorandum and Order dated May 20, 2008 DISMISSING the Complaint for lack of personal jurisdiction over the defendants.**

Enter

Barbara Barletta
Deputy Clerk

DATED May 20, 2008

# EXHIBIT D

DeLuca & Weizenbaum, Ltd

Attorneys at Law

199 North Main Street
Providence RI 02903
phone 401 453 1500
fax 401 453 1501
firm@delucaandweizenbaum com

Amato A DeLuca*
Miriam Weizenbaum**
Michael T Eskey
Jennifer Azevedo*

Kathy McGinn RN BSN

*also Member of Massachusetts Bar
**also Member of Pennsylvania Bar

August 1, 2008

Jay Elias, Esq
Ratcliffe, Burke, Harten & Elias, LLP
One Financial Plaza
Suite 1600
Providence, RI 02903

RE *Robert Macamaux v Day Kimball Hospital*

Dear Attorney Elias

Enclosed is Plaintiff's Motion to Compel Answers to Interrogatories propounded on Defendant Day Kimball Hospital This is plaintiff's good faith effort, pursuant to Rule 37, to resolve this matter Please call me within ten (10) days of receipt of this letter so that we can attempt to resolve the issues presented in the motion without further Court intervention If we are unable to come to agreement, I will file the motion with the court

I look forward to hearing from you soon

Very truly yours,
DeLuca & Weizenbaum, Ltd

Amato A. DeLuca

AAD/jmh



RECEIVED AUG 0 4 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT MACAMAUX**

**v** **C.A No 07-485ML**

**JACK MILLARD, M D ,**
**ROGER NELSON, M D ,**
**DAY KIMBALL HOSPITAL**
**JOHN and JANE DOE, M D , ALIAS,**
**JOHN DOE CORPORATION, ALIAS**

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES FROM DEFENDANT DAY KIMBALL HOSPITAL**

The Plaintiff, Lisa Bennett, in the above-captioned matter and pursuant to Fed R Civ P 37, hereby moves this Honorable Court for an Order compelling the Defendant, Day Kimball Hospital, to answer Plaintiff's Interrogatories In support of this motion, the Plaintiff states that Interrogatories were propounded on May 13, 2008 To date, the Defendant has failed to respond or object

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention

WHEREFORE, Plaintiff respectfully requests that her Motion be granted

Plaintiff requests a twenty (20) day order

Plaintiff,
By her Attorneys,

Amato A DeLuca (#0531)
Miriam Weizenbaum (#5182)
**DELUCA & WEIZENBAUM, LTD**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax



RECEIVED AUG 0 4 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT MACAMAUX** :

**v** **C.A No 07-485ML**

**JACK MILLARD, M D ,**
**ROGER NELSON, M D ,**
**DAY KIMBALL HOSPITAL**
**JOHN and JANE DOE, M D , ALIAS,**
**JOHN DOE CORPORATION, ALIAS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following document

*Plaintiff's Motion to Compel Answers to Interrogatories from Defendant Day Kimball Hospital*

was served upon counsel of record below on this _____ day of August, 2008 by electronic filing of this document with the U S District Court of the District of Rhode Island and by hand delivery

Jay Elias, Esq
Ratcliffe, Burke, Harten & Elias, LLP
One Financial Plaza
Suite 1600
Providence, RI 02903

Attorney Christy Durant
Tate + Latham
321 South Main Street
Providence, RI 02903

Michael Sarli, Esq
Gidley, Sarli & Marusak
One Turks Head Plaza, Suite 9
Providence, RI 02903

______________________________

# EXHIBIT E

RBHE
Ratcliffe Burke Harten & Elias LLP
ATTORNEYS AT LAW

August 6, 2008

Amato A DeLuca, Esquire
DeLuca & Weizenbaum, Ltd
199 North Main Street
Providence, RI 02903

***Via facsimile and regular mail***

**RE Macamaux v. Nelson, M.D., ct al**

Dear Mr DeLuca

We write in connection with the case of _Macamaux v Day Kimball Hospital_ We are in receipt of your good faith letter dated August 1, 2008 and draft Motion to Compel Answers to Interrogatories from Defendant Day Kimball Hospital

The draft motion includes the caption from the above referenced case however it references a plaintiff named Lisa Bennett, who was not a party to this action In any event, the case of _Macamaux v Day Kimball Hospital_ was dismissed by the United States District Court of Rhode Island and judgment was entered in favor of all of the defendants on May 20, 2008 A copy of the Judgment is enclosed for your reference

Please consider this our good faith attempt to resolve these discovery issues

Regards,

Jay M Elias

JME mbr
Enclosure
*DeLuca 8 6 08*

jelias@rbhelaw com

cc Alan R Tate ***Via regular mail only***
Michael G Sarli

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**ROBERT MACAMAUX**

**Vs.** **C.A. NO. 07-485ML**

**JACK MILLARD, M.D.**
**ROGER NELSON, M.D.**
**DAY KIMBALL HOSPITAL**

## JUDGMENT

[ ] Jury Verdict This action came before the Court for a trial by jury The issues have been tried and the jury has rendered its verdict

[x] Decision by the Court This action came to trial or hearing before the Court The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

**Judgment shall enter for the defendants, Jack Millard, M.D., Roger Nelson, M.D. and Day Kimball Hospital, against the plaintiff, Robert Macamaux, pursuant to the Memorandum and Order dated May 20, 2008 DISMISSING the Complaint for lack of personal jurisdiction over the defendants**

Enter

Barbara Barletta
Deputy Clerk

DATED May 20, 2008

********************
*** FAX TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 0117 |
| DEPT ID | 152 |
| DESTINATION ADDRESS | 94531501 |
| PSWD/SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 08/06 10 56 |
| USAGE T | 00'32 |
| PGS | 3 |
| RESULT | OK |

**RATCLIFFE BURKE HARTEN & ELIAS LLP**
• ATTORNEYS AT LAW •

**1600 FINANCIAL PLAZA**
**PROVIDENCE, RHODE ISLAND 02903**
**Telephone 401•331•3400 Fax 401•331•3440**

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO (401) 453 1501

To: Amato A DeLuca, Esquire

From Jay M Elias, Esquire

Date August 6, 2008

Re Macamaux v Day Kimball Hospital

# Pages 3 (including cover sheet)

Comments Please see attached

****************************************************************************

<u>*****CONFIDENTIALITY NOTE*****</u>

*The documents accompanying this fax transmission contain information from Ratcliffe Burke Harten & Elias, LLP which is confidential or privileged The information is intended to be for the use of the individual or entity named on this transmission sheet If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited If you have received this fax in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you*

**If you have any problems with this transmission, please call 401-331-3400 and ask for Nancy Davis Thank you**