UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT MACAMAUX

vs. C.A. No.: 07 485ML

JACK MILLARD, M.D.;
ROGER NELSON, M.D.;
DAY KIMBALL HOSPITAL
JOHN and JANE DOE, M.D., ALIAS;
JOHN DOE CORPORATION, ALIAS

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JACK MILLARD, M.D.'S OBJECTION TO PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER OF DISMISSAL

Now comes the Defendant, Jack Millard, M.D. (hereinafter sometimes referred to as "Dr. Millard") and hereby submits this memorandum of law in support of his Objection to Plaintiff's Rule 60(b) Motion for Relief from Final Judgment and Order of Dismissal. The grounds for this objection are that the Plaintiff has failed to comply with the basic requirements necessary to obtain relief under this Rule by filing an untimely motion that lacks any evidence of exceptional circumstances that would favor the extraordinary relief contemplated by Rule 60(b). Plaintiff has not presented any justification or reasonable explanation in his motion as to the reason for the lengthy delay in seeking relief, nor has he shown the Court that even if relief were granted that his underlying claim is potentially meritorious.

Plaintiff certainly can not credibly claim that the additional time permitted in the Order of April 23, 2008[1] for personal jurisdiction discovery was necessary to provide an adequate response to Dr. Millard's Motion to Dismiss since Plaintiff never propounded any discovery to Dr. Millard during that time period and/or made any other reasonable good faith effort to gather additional information regarding personal jurisdiction from Dr. Millard or his counsel. In the event Plaintiff was confused as to the requirements for responding to Defendant's Motion it was incumbent of him to clarify the matter prior to the expiration of the thirty (30) day period within which the Federal Rules of Civil Procedure allow a response to Defendant's Motion to be filed and in any event well before the three (3) month period since Final Judgment was entered[2].

Finally, although Plaintiff has proposed an alternative to dismissal in suggesting that the Court transfer this case to the United States District Court for the District of Connecticut, he has provided no authority that would permit such action. It is the responsibility of the Plaintiff to have filed the case in the appropriate venue in the first instance.

## I. <u>FACTS AND BACKGROUND</u>

This is a medical malpractice action initiated by Plaintiff, Robert Macamaux, a Rhode Island resident, against the instant Defendant, Jack Millard, M.D., a resident of Massachusetts, as well as other Defendants.[3] Mr. Macamaux contends that he received

1 The Court Order entered pursuant to the Rule 16 conference conducted April 15, 2008 was filed with Plaintiff's Memorandum in support for his Motion for Relief and are therefore not attached to this Memorandum.

2 See Federal Rules of Appellate Procedure 4(a)(1)(A).

3 Dr. Millard is a Radiologist with privileges to practice at Day Kimball Hospital. He is <u>not</u> employed by Day Kimball Hospital.

inadequate medical treatment while at Day Kimball Hospital, located in Putnam, Connecticut, in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA") and as a result of the alleged negligence of Dr. Millard and Dr. Roger Nelson he suffered personal injuries that entitle him to monetary damages. Plaintiff's claims arise out of a motor vehicle accident that occurred on Route 395 in Plainfield, CT on January 16, 2006. Mr. Macamaux was transported via ambulance from the scene of the accident to Day Kimball Hospital, Putnam, CT for further evaluation. Upon his arrival to the Hospital Plaintiff was evaluated and treated in the Emergency Department by Dr. Roger Nelson and had radiographic studies performed that were interpreted by Dr. Millard. The treatment received by the various Defendants during this admission is the subject of Plaintiff's Complaint. Neither Dr. Millard nor Dr. Nelson practice medicine in the State of Rhode Island and only provided treatment to the Plaintiff in Connecticut.

On or about December 31, 2007 Plaintiff filed the current action in this Court allowing in the Complaint that proper jurisdiction and venue over all Defendants existed, based on 28 U.S.C. §§1331 and 1332. Dr. Millard filed an Answer to Plaintiff's Complaint on or about February 1, 2008, which among other defenses raised the defense of lack of personal jurisdiction.

On or about April 15, 2008, counsel for all parties appeared before the Court for a Rule 16 Conference with the Honorable Judge Lisi. At that time a Motion for Dismissal for lack of personal jurisdiction had already been filed by Defendant Roger Nelson, M.D; however, at the Conference counsel for Defendants Dr. Millard and Day Kimball Hospital informed the Court that they, too, intended to seek dismissal of Plaintiff's complaint of

personal jurisdiction. As a result, the Court entered an Order providing that discovery on the issue of personal jurisdiction was to close on or before June 16, 2008 and that Dr. Millard and Day Kimball Hospital shall either join Dr. Nelson's pending motion to dismiss or file their own respective motions *on or before April 30, 2008.* Contrary to Plaintiff's representations in his motion, there were no Orders entered during the Conference that postponed and/or altered the date on which Plaintiff was required to respond to Defendants motions to dismiss as set forth in the Federal Rules of Civil Procedure. Additionally, during the Conference there were no discussions or indications that the Court would consider transferring the entire case to Connecticut in the event it found lack of personal jurisdiction over the individual Defendants in Rhode Island.

## II. STANDARD OF REVIEW

The Plaintiff, Robert Macamaux, is seeking relief pursuant to Fed.R.Civ.P. 60(b)(1). Rule 60(b) provides in relevant part the following:

(b) On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

In determining whether a judgment should be set aside under the standard of Rule 60(b), the Court must engage in a two-pronged analysis. In re James P. Long, 2007 WL 2875139 (Bankr.D.Mass). First the moving party must persuade the trial court, at a bare minimum, that he has satisfied all three of the following criteria: (1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the moving party. Id. (*See also* Karak v. Bursaw Oil Corp., 288 F.3d 15,19 (1st Cir.2002)). Once the requirement of the first prong have been met, the moving party must next satisfy one of the six (6) grounds for relief set forth above in Rule 60(b). Id. While the First Circuit has held that relief under Rule 60(b) is available, such relief must be when exceptional circumstances exist to justify extraordinary relief. Id. (*citing* Rodriguez Camacho v. Doral Fin. Corp. 361 B.R. 294, 301 (1st Cir.2007)). Given these high standards, motions under this rule "should be granted sparingly". Rector v. Murphy, 2008 WL 427297 (D.Mass 2008).

## III. ARGUMENT

**Plaintiff's Motion should be denied as he has not satisfied the requirements under the first prong of the two prong process, necessary to obtain relief under Rule 60(b)**

**A. Plaintiff's Rule 60(b) Motion is untimely**

In order to comport with the requirements of Rule 60(b), Plaintiff's motion must first and foremost be timely filed. In accord with other Courts the First Circuit has held that under Rule 60(b) the "reasonable time" for seeking relief if the arguments are cognizable is the time allowed for an appeal. Limerick v. Greenwald, 749 F.2d 97, 99 (1st Cir.1984);(*See also* Scola v. Boat Frances, R., Inc., 618 F.2d 147,154 (1st Cir.1980)). The time allowed for

Plaintiff to have filed an appeal was thirty (30) days. Fed. Rule App. Proc. 4(a)(1)(A).

Despite setting forth in his Motion the legal basis for which he believes he is entitled to relief under Rule 60(b), Plaintiff has neglected to provide any reasonable justification for the delay in seeking relief. Judgment was entered by the Court in this matter on May 20, 2008.[4] From that time until the present Plaintiff has made no good faith effort to notify the Court and/or any of the Defendants' counsel, either in writing or orally, regarding his belief that there was a judicial error made in entering Judgment on Defendants' behalf. Additionally, even if Plaintiff was acting under the assumption that discovery on personal jurisdiction did not close until June 16, 2008 and therefore did not respond to Defendants respective motions to dismiss, Plaintiff's counsel was made immediately aware of the Court's Order for Judgment by electronic means on May 20, 2008. Upon receiving notification of the Court's decision, it was incumbent upon Plaintiff to promptly contact the Court to explain what he contends is an obvious error and file an appeal if necessary.

On the contrary, Plaintiff waited three (3) months before filing this Motion on August 19, 2008, well after the thirty (30) day period for an appeal had expired. Simply because Plaintiff failed to comply with the time within which he was permitted to appeal the Court's decision of May 20, 2008, he is not allowed to now rely on Rule 60(b) for relief without providing some justification or explanation as to why there was such a delay in seeking relief. *See* U.S. v. One Lot of $25,721.00 in Currency, 938 F.2d 1417,1421 (1st Cir.1991) (Court opined "in order to be entitled to relief under Rule 60(b) claimant must show that there was a good reason for the default and that he has a meritorious defense.") The First

Circuit Court has been clear in its holdings that "Rule 60(b) cannot be used as a 'substitute for a timely appeal under Rule (4)(a)(1) of the Federal Rules of Appellate Procedure'." Tiller v. Baghdady, 294 F.3d 277, 281 (1st Cir. 2002); (*quoting* Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28 (1st Cir. 1988) (holding that Plaintiff offered no reason why she needed to wait nearly nine months after the entry of judgment before raising her claim of discovery misconduct, therefore forfeited her claim by failing to present it on direct appeal); (*See also* Infanzon-Mitchell v. Hobbs, 951 F.2d 417,420 (1st Cir.1991) (holding Rule 60(b) can not be used to escape the consequences of the movant's dilatory failure to take a timely appeal)). In the absence of Plaintiff providing any justification for his delay in seeking relief such that any time period beyond that which is allowed for an appeal should be permitted, this Court should deny Plaintiff's Rule 60(b) motion as untimely.

**B. Plaintiff does not have a meritorious defense or claim such that Rule 60(b) relief would be appropriate**

In addition to proving that his Rule 60(b) motion was timely filed, Plaintiff must also persuade that Court that his underlying claims have a reasonable chance of success on the merits. Reid v. Strafford County Department of Corrections, 2008 WL 924841 (D.N.H. 2008). The Court should only grant Rule 60(b) relief if the Plaintiff shows that granting his motion will not be an 'empty exercise' and that he can demonstrate that is claim for relief is likely to succeed on the merits (emphasis added). Id. (*citing* Caisse v. DuBois, 346 F.3d 213, 215 (1st Cir.2003)). Therefore, Plaintiff must demonstrate to the Court that he is likely to succeed in his opposition to Dr. Millard's Motion to Dismiss for lack of personal

---

4 Memorandum and Order as well as Judgment of the Court were attached to Plaintiff's

jurisdiction by presenting some form of evidence that would suggest that Rhode Island's exercise of personal jurisdiction over Dr. Millard would be appropriate and in accord with the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Plaintiff has made no such representation.

At the Rule 16 Conference held with Judge Lisi on April 15, 2008 Plaintiff was unable to present any substantial evidence that Dr. Millard was in any way affiliated with Rhode Island and therefore subject to its laws. At Plaintiff's request the Court permitted him until June 16, 2008 to complete discovery on personal jurisdiction issues and gather information which would demonstrate to the Court justification in allowing this case to be adjudicated in Rhode Island. Interestingly, since April 15, 2008 Plaintiff has only propounded discovery requests to Co-Defendant Day Kimball Hospital. Consequently, regardless whether the Plaintiff provided a timely response to Dr. Millard's Motion to Dismiss in May 2008 under the Federal Rules of Civil Procedure or in June 2008 after the expiration of discovery on personal jurisdiction per Order, he would still lack the knowledge as to whether Dr. Millard had the requisite minimum contacts to subject him to the jurisdiction of the courts of the State of Rhode Island. In the absence of sufficient evidence to prove otherwise, Plaintiff's claims lacked merit in that respect when the Complaint was filed in December 2007 and remain meritless today. Therefore, even if the Court should grant Plaintiff's Rule 60(b) relief Plaintiff has offered no evidence to support a belief that his underlying claims would be any more successful now than in April 2008.

---

Memorandum in support of his Motion for Relief and are therefore not attached to this Memorandum.

**C. <u>Granting Plaintiff Rule 60(b) relief would unfairly prejudice Dr. Millard</u>**

Granting Plaintiff Rule 60(b) relief by vacating the judgment and/or transferring the case to Connecticut would severely prejudice Dr. Millard. When judgment was entered by this Court on May 20, 2008, Dr. Millard was appropriately notified that the action was dismissed and that pending the possibility of an appeal within thirty (30) days, the case would be closed. Once the applicable appeal period expired, Dr. Millard had no reason to anticipate that Plaintiff would attempt to resurrect this case and file a Rule 60(b) motion for relief. Not only is a motion for relief under Rule 60(b) questionable in this case given Plaintiff's claim of judicial error, which is more appropriately addressed on appeal but the delay in filing this motion three (3) months after Judgment was entered has made this action even more unexpected and disruptive to Dr. Millard. The burden should not be placed on Dr. Millard to now defend himself in an action that was already dismissed especially since it does not appear Plaintiff made any effort within the time period prescribed by this Court to obtain facts to prove why Dr. Millard should be subject to the jurisdiction of this Court.

**D. <u>The Plaintiff has failed to set forth any authority that would permit this Court to transfer this case to another jurisdiction.</u>**

It is Plaintiff's contention that this Court not only made an error in dismissing this case prematurely before the close of discovery on personal jurisdiction but that the Court also erred in not ordering the case to be transferred to the United State District Court for the District of Connecticut in lieu of dismissal. This proposal is baseless. Plaintiff has set forth no evidence that would permit the Court to choose this alternative. Transferring this case to

the District of Connecticut was never the subject of any discussions between parties at the Rule 16 Conference nor was it ever suggested as an option. Plaintiff can not rely on the Court to transfer a case to another jurisdiction as means of circumventing his own neglect in filing this matter in the wrong jurisdiction. As such the Court should not even consider transfer as an alternative to dismissal and Plaintiff's motion for relief must fail.

## IV. CONCLUSION

Based on Plaintiff's failure to meet the necessary requirements under the first prong of the two prong process for relief under Rule 60(b), there is no need to address the elements of the second prong for purposes of this opposition to Plaintiff's motion.

For the reasons set forth above, Plaintiff's motion for relief should be denied.

Defendant, Jack Millard, M.D.,
By his attorneys,

**TATE LAW GROUP**

/s/ Alan R. Tate

Alan R. Tate, Esquire #1647
Christy B. Durant, Esquire #7128
321 South Main Street, Suite 300
Providence, RI 02903
(401) 421-7400
Fax (401) 351-3239

**CERTIFICATION**

I hereby certify that a true copy of the within was electronically filed and served upon all counsel of record in compliance with the Fed.R.Civ.P., on this 2nd day of September, 2008, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Jay M. Elias, Esquire
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Michael G. Sarli, Esquire
Matthew D. Rocheleau, Esquire
Gidley, Sarli & Marusak
1 Turks Head Place, Suite 900
Providence, RI 09203

/s/ Alan R. Tate

3985.obj-memo