**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D., *et al.*** | : | |

**PLAINTIFF'S REPLY**
**TO DEFENDANT DR. NELSON'S OBJECTION**
**TO RULE 60(b) MOTION FOR RELIEF FROM**
**FINAL JUDGMENT AND ORDER OF DISMISSAL**

**A. There is no merit in Defendant Dr. Nelson's argument that plaintiff's Rule 60(b) motion ought to be denied as untimely.**

**1. Defendant's reliance on First Circuit decisions concluding that an *error of law* is not a "mistake" under Rule 60(b)(1) in support of defendant's claim that plaintiff was required to file for relief within 10 days of the entry of judgment under Rule 59(e) is misplaced; plaintiff is not claiming that the Court entered judgment as a result of an error of law.**

Defendant's suggestion that the motion is untimely because it was required to be filed within 10 days of the judgment pursuant to Rule 59(e) is based on the misconstrued premise that plaintiff is seeking relief from an error of law. *Cf. Silk v. Sandoval,* 435 F.2d 1266, 1267-68 (1st Cir. 1971)(wrongly decided point of law is not "mistake" under Rule 60(b)(1)). Plaintiff is *not* claiming (as defendant asserts) that the Court erroneously interpreted or applied applicable law—which are the defining characteristics of a Rule 59(e) motion. *See, e.g., Lopez v. Corporacion Azucarera de Puerto Rico,* 938 F.2d 1510, 1514 (1st Cir. 1991)(citing cases). Rather, plaintiff's claim is that the Court entered judgment prematurely, without an opposition from plaintiff, because, most probably, it inadvertently overlooked the effect of its scheduling order (permitting discovery on the jurisdictional issue) on the timing of plaintiff's opposition and the Court's decision. Properly conceived, this inadvertent oversight of a scheduling order, which implicitly superseded the ordinary response time for

plaintiff's opposition to defendants' motions to dismiss, is a procedural oversight correctable under Rule 60(b); it is plainly not an error of law governed by Rule 59(e).

Defendant's claim that plaintiff's motion seeks relief from an error of law and, as such, was untimely filed beyond Rule 59(e)'s ten-day limit, is clearly without merit.

**2. Relief from a judgment entered as a result of a procedural oversight is not required to be filed within the time authorized for filing a notice of appeal; as such, defendant's argument that plaintiff's Rule 60(b) motion is untimely because not filed within 30 days of the entry of the judgment is misinformed.**

Defendant's reliance on case authorities from other jurisdictions concluding that judicial mistakes of law or fact can only be raised by way of a Rule 60(b) motion within the time period allowed for appeal is fundamentally flawed. While the law of this circuit is that requests addressed to district courts for relief from judgments based on claimed *errors of law* must be filed within 10 days of the judgment pursuant to Rule 59(e), *see, e.g., Silk v. Sandoval,* 435 F.2d at 1267-68, no decision of this Court or the First Circuit supports the hard-and-fast rule, adopted elsewhere (and here urged by defendant), *see, e.g., Lowry v. McDonnell Douglas Corp.,* 211 F.2d 457, 460-61 (8th Cir. 2000); *CSU, LLC v. Xerox Corp.,* 202 F.R.D. 275, 277 (D. Kan. 2001), that Rule 60(b)(1) challenges to judgments resulting from judicial inadvertence or mistake that are *not* based on *errors of law* must be filed within the time period allowed for appeal.

Significantly, in those few decisions in which the First Circuit has noted the appeal-period limitation on the use of Rule 60(b)(1) motions for relief from judgments occasioned by judicial inadvertence or mistake, it has implicitly rejected the appeal-period limitation—adopting, as noted, a shorter (10-day) period under Rule 59(e) for claims that the court wrongly decided a point of law. *See, Silk v. Sandoval,* 435 F.2d at 1267-68; *but see, Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir. 1980)(observing, contrary to the shorter 10-day

limitation applied in *Silk,* that "reasonable time" for Rule 60(b) relief "from an *error of law by the court*" should not exceed the time allowed for an appeal).

Importantly, when, as here, assessing the timeliness of a Rule 60(b) motion seeking relief from a judgment where judicial inadvertence or mistake *not* involving an error of law is claimed, the First Circuit has signaled that it will not mechanically limit such motions to the time period allowed for appeal, but will consider the facts of each case to determine whether it presents a "special situation" or "special circumstances" justifying extraordinary relief.[1] *See, Silk v. Sandoval,* 435 F.2d at 1267-68 (plaintiff's Rule 60(b) motion was not based on judicial mistake "attributable to special circumstances" justifying extraordinary relief, but on judicial error of law, and, as such, was untimely because it was not served within 10-days as required by Rule 59(e)); *Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County,* 545 F.2d 758, 760 (1st Cir. 1976)(acknowledging that "[i]t has been suggested that a reasonable time for the purposes of Rule 60(b) is, in many circumstances, limited to the time for appeal[,]" the court affirmed the denial of plaintiff's Rule 60(b) motion filed 49 days after the entry of judgment because it sought relief from an error of law outside the 10-day Rule 59(e) period and did not involve a "special situation from which to conclude that the district court, measured against Rule 60(b) standards, erred [in refusing to reconsider] its order entered 49 days before").

Plainly, there is no requirement in this district and circuit that a Rule 60(b) request for relief from a judgment entered as a result of a procedural oversight must be filed within

---

[1] Notably, while not involving an issue of timeliness, the decision of the district court (Wolf, J.) in *Carollo v. Global Cape Ann Corp.,* 627 F. Supp. 1507, 1508-09 (D. Mass. 1986), provides a good example of a special situation justifying extraordinary relief under Rule 60(b)(1) and (6) where, similar to the circumstances presented here, the court, vacated the dismissal of one of plaintiff's claims, which dismissal the court entered "in the mistaken belief that plaintiff [who did not file an opposition] received notice [of the motion to dismiss] and conceded its merit." In vacating the dismissal pursuant to Rule 60(b)(1) and (6), the court observed that it would be "unfair and inappropriate to fail to vacate the dismissal * * * because plaintiff did not receive notice of the motion until after it had been decided."

the time authorized for filing a notice of appeal. As such, defendant's assertion that plaintiff's Rule 60(b) motion is untimely because not filed within 30 days of the entry of the judgment is unfounded.

**3. Plaintiff timely filed his Rule 60(b) motion.**

There is no merit in defendant's assertion that plaintiff's Rule 60(b) is untimely. A Rule 60(b) motion "must be made within a reasonable time." What is "reasonable" depends on the circumstances. *See, e.g., Cotto v. United States,* 993 F.2d 274, 280 (1st Cir. 1993). Here, the approximately 3-month delay here between the entry of the judgment and request for relief is neither unreasonable nor overlong as a matter of law. *Cf., e.g., MacDougall's Cape Cod Marine Service, Inc., v. One Christina 40 Foot Vessel, Hull No. XSA 4007F787,* 721 F. Supp. 274, 377 (D. Mass. 1989)(Rule 60(b)(6) motion for relief from default judgment made within reasonable time where motion was filed approximately 4 months after defendant received actual notice or arrest of vessel and need to act); *New Maine Nat'l Bank v. Nemon,* 588 A.2d 1191, 1193 (Me. 1991)(Rule 60(b) motion filed approximately 9 months after entry of final judgment timely). In fact, the circumstances surrounding the entry of the judgment show that plaintiff made the Rule 60(b) motion within a reasonable time.

The decision to dismiss the case and enter judgment was made without notice or hearing in the midst of a court-allowed discovery period. Reasonably believing based on discussions and statements during the initial scheduling conference that no decision would be made on the jurisdictional issue until completion of the court-allowed discovery period, plaintiff had no reason to anticipate that the action would be dismissed on jurisdictional grounds before plaintiff completed discovery and had an opportunity to submit an opposition to defendants' motions to dismiss. Not anticipating a decision from the Court until, at the very least, after the close of discovery on the jurisdictional issue on June 16, 2008, plaintiff's counsel inadvertently failed to recognize that notice of the dismissal and

judgment was among the hundreds of electronic mail messages received by counsel in the final weeks of May 2008. Indeed, it was not until August 2008, when plaintiff (without actual knowledge of the dismissal order and judgment) made a good faith effort to compel a co-defendant's overdue response to outstanding discovery, that counsel was informed—and, thus, first discovered—that judgment had entered for defendants on the jurisdictional issues in May 2008. Surprised that judgment entered for defendants in May 2008 and surprised that the Court did not order the case transferred to the district court in Connecticut in lieu of dismissal (as the Court indicated it would at the initial scheduling conference in the event that it determined it lacked personal jurisdiction over defendants), plaintiff's counsel promptly filed for Rule 60(b) relief from the judgment and dismissal order.

Considering plaintiff's lack of actual knowledge of the entry of the dismissal order and judgment, plaintiff's reasonable expectation that dismissal on jurisdictional grounds would not even be considered until after completion of the court-allowed discovery period, plaintiff's promptness in filing for Rule 60(b) relief on discovering that judgment had entered on the jurisdictional issue, the relative brevity of the overall delay between the entry of judgment and the Rule 60(b) motion, the absence of any prejudice to defendants arising from the approximately 2-month delay between the expiration of the appeal period and service of the Rule 60(b) motion, and plaintiff's reasonable expectation that the Court would transfer the case to the district court in Connecticut in lieu of dismissal in the event it determined that it lacked personal jurisdiction over defendants, plaintiff plainly made his Rule 60(b) motion within a "reasonable time" of the entry of the judgment.

## CONCLUSION

For the foregoing reasons, those set forth in plaintiff's Rule 60(b) motion and supporting memorandum, and the affidavits of counsel, plaintiff respectfully submits that the Court ought to exercise its discretion under Rule 60(b) to grant plaintiff's motion and vacate the dismissal order and resulting judgment.

Plaintiff,
By his Attorneys,

/s/ Miriam Weizenbaum

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
Jennifer Azevedo (#6462)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D.;** | : | |
| **ROGER NELSON, M.D.;** | : | |
| **DAY KIMBALL HOSPITAL** | : | |
| **JOHN and JANE DOE, M.D. , ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following document:

*PLAINTIFF'S REPLY MEMORANDUM*

was electronically filed and served upon all counsel of record in compliance with the Fed. R. Civ. P., on this 4TH day of September 2008.

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
One Financial Plaza
Suite 1600
Providence, RI 02903

Attorney Christy Durant
Tate + Latham
321 South Main Street
Providence, RI 02903

Michael Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Plaza, Suite 9
Providence, RI 02903

/s/ Miriam Weizenbaum