**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D., *et al.*** | : | |

**AFFIDAVIT**

I, Miriam Weizenbaum, do hereby depose and state as follows:

1. I am counsel of record for plaintiff in the above-captioned action.

2. On April 15, 2006, the parties appeared through counsel before the Court for a Rule 16 (initial scheduling) conference.

3. At that time, one defendant, Roger Nelson, M.D., was seeking dismissal for lack of personal jurisdiction.

4. At the conference, counsel for defendants Dr. Millard and Day Kimball Hospital informed that they too intended to seek dismissal for lack of personal jurisdiction.

5. To permit plaintiff to submit a meaningful response to defendants' dismissal motions, plaintiff's counsel requested discovery on the issue of personal jurisdiction, which the Court allowed.

6. The Court entered an order after the Rule 16 conference, which, in pertinent part provided "that discovery shall close on the issue of personal jurisdiction on or before June 16, 2008."

7. The order further provided that defendants Dr. Millard and Day Kimball Hospital "shall either join the pending Motion to Dismiss or file Motions to Dismiss for lack of jurisdiction on or before April 30, 2008."

8. The order did not establish a date for plaintiff to file an opposition to the dismissal motions.

9. Based on discussions during the Rule 16 conference and the fact that the Court granted plaintiff's request for discovery on jurisdiction, I understood and believed that plaintiff's opposition to defendants' motions to dismiss would not be due before completion of the allowed discovery period on the jurisdictional issue.

10. I also understood and believed based on the Court's statements during the Rule 16 conference that, if the Court determined that it did not have personal jurisdiction over defendants, the Court would transfer the action to the district court in Connecticut.

11. In accordance with the order entered following the Rule 16 conference, plaintiff propounded discovery on the issue of personal jurisdiction.

12. On May 20 and 21, 2008—during the allowed discovery period on the issue of personal jurisdiction, but before defendant responded to the plaintiff's discovery—the Court, without hearing, granted defendants' motions to dismiss and entered an order and judgment for defendants.

13. While the Court sent notice of the dismissal and judgment by electronic mail to me, I inadvertently failed to recognize it among the hundreds of electronic mail messages that I received in the final weeks of May 2008..

14. I first became aware of the entry of the dismissal and judgment on August 6, 2008, when, in response to plaintiff's good-faith efforts to obtain outstanding discovery on the jurisdictional issue, counsel for the defendant hospital informed that judgment had entered in favor of all defendants on May 20, 2008. *See,* Elias ltr. 8/6/08 (copy attached as Exhibit A).

15. This is a meritorious case in which plaintiff claims that he suffered severe and permanent spinal-cord injuries as a proximate result of defendants' violations of

EMTALA and their negligent failure to diagnose and to treat him for fractured vertebrae.

/s/ Miriam Weizenbaum
________________________________
Miriam Weizenbaum (#5182)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT MACAMAUX** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-485ML** |
| | : | |
| **JACK MILLARD, M.D.;** | : | |
| **ROGER NELSON, M.D.;** | : | |
| **DAY KIMBALL HOSPITAL** | : | |
| **JOHN and JANE DOE, M.D. , ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following document:

*AFFIDAVIT OF ATTORNEY WEIZENBAUM*

was electronically filed and served upon all counsel of record in compliance with the Fed. R. Civ. P., on this 4th day of September 2008.

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
One Financial Plaza
Suite 1600
Providence, RI 02903

Attorney Christy Durant
Tate + Latham
321 South Main Street
Providence, RI 02903

Michael Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Plaza, Suite 9
Providence, RI 02903

/s/ Miriam Weizenbaum